## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

AMANDA WELLS,

        Plaintiff,

    V.                                             Case No. 12-CV-828 WJ/KBM

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHEVROLET, a New Mexico
corporation; and JEFF THOMAS, a natural person,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COUNTS III AND IV, OR PARTS THEREOF, BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

THIS MATTER comes before the Court on Defendants Hi Country Chevrolet, Inc.[1] ("Hi Country") and Jeff Thomas' Motion to Dismiss Counts III and IV (**doc. 8**), filed October 29, 2012.  The Court finds that Defendant's motion shall be **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff worked for Hi Country from February 2005 until her termination on March 24, 2011.  She alleges that during that time, she was subjected to a variety of forms of sexual discrimination and harassment, creating a hostile working environment.  She reported these behaviors to her supervisor, Leo Olguin, who took no action.  Instead, shortly after, Hi Country's general manager, Kevin Szura, told Plaintiff that she must either transfer from her position in Aztec, New Mexico, where she lived, to Hi Country's Farmington office, or lose her job.  He gave no reason for the transfer.  Because the long commute between Aztec and Farmington

_____

[1] Defendants note that the Complaint misidentifies the corporate defendant as Hi Country Auto Group d/b/a Hi Country Chevrolet.  Doc. 8 at 1.

would make it impossible for Plaintiff to arrange childcare and work the hours that Hi Country expected, which Hi Country knew, she refused to transfer and her employment was terminated.

On May 16, 2011, Plaintiff filed a complaint with the Human Rights Bureau of the New Mexico Department of Workforce Solutions ("HRB"),[2] cross-filed with the United States Equal Employment Opportunity Commission ("EEOC"), alleging claims of sex discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 (29 U.S.C. § 621) and the New Mexico Human Rights Act ("NMHRA") (NMSA (1979) § 28-1-7 et seq.).  She received a Determination of Probable Cause letter from the Human Rights Bureau of the New Mexico Department of Workforce Solutions dated February 27, 2012, indicating that the agency had found probable cause to believe that discrimination on the basis of sex and retaliation had occurred.  Ex. C, Doc. 14-1, at 9-12.  She also received a Notice of Right to Sue from the EEOC, dated July 5, 2012.  Ex. D, Doc. 14-1, at 13.[3]

On July 30, 2012, Plaintiff filed suit in this court, alleging, among other claims, sex/gender discrimination and retaliation under the Civil Rights Act of 1964 and the NMHRA.[4] On the same date, Plaintiff filed a second, "supplemental" charge of retaliation with the Human Rights Bureau of the New Mexico Department of Workforce Solutions.[5]  The HRB provided notice to Defendants that their response was due by November 16, 2012 (after the date on which the instant motion was filed).  Defendants now ask the Court to dismiss both counts of retaliation

---

[2] At the time Plaintiff filed her first charge, the New Mexico agency responsible for addressing discrimination claims was known as the Human Rights Division of the New Mexico Department of Labor.  *Compare* Ex. A, Doc. 81 *with* Ex. Doc. 14-1.  The Court refers to it by its current name.

[3] Because New Mexico possesses its own employment discrimination legislation (in the form of the NMHRA), a complainant who meets the filing requirements may proceed with his or her grievance either through the EEOC or the HRB.  *See Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp.2d 1256, 1266-67 (D.N.M. 2011).

[4] Plaintiff also alleges conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985 and 42 U.S.C. § 1986; wrongful termination; retaliatory discharge; malicious abuse of process; failure to pay wages; intentional infliction of emotional distress; negligent hiring, training, retention, management, and supervision; and prima facie tort.  None of these claims are at issue in this motion.

[5] Plaintiff signed the Charge form on July 13, 2012; the agency marked the Charge as received on July 30, 2012.

under Title VII and the NMHRA on the basis that Plaintiff failed to exhaust her administrative remedies.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction.  When ruling on a 12(b)(1) motion, a court has broad discretion to consider affidavits, an administrative record, or other documents necessary to resolve disputed jurisdictional facts.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit under both Title VII and the NMHRA.  *See Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1309 (10th Cir. 2005); *Bates v. New Mexico Corr. Dep't*, CIV 08-1013 JB RLP, 2010 WL 4339367 (D.N.M. Sept. 30, 2010) ("Both Title VII and NMHRA claims must be administratively exhausted before being brought in federal court."); *Jaramillo v. J.C. Penny Co.*, 694 P.2d 528, 529 (N.M. Ct. App. 1985) (exhaustion required under the NMHRA).

## DISCUSSION

Defendants assert that Plaintiff brings two claims for retaliation that occurred after she filed her initial EEOC charge and for which she has failed to exhaust her administrative remedies: (1) that Defendants filed criminal extortion charges against her with the San Juan County Sheriff's Office, and (2) that Defendants falsely reported to the New Mexico Department of Workforce Solutions ("DWS") that they had paid Plaintiff after her termination, in an effort to prevent her from receiving unemployment benefits.  In *McDonald-Cuba v. Santa Fe Protective Services, Inc.*, the Tenth Circuit held that a plaintiff must exhaust administrative remedies by filing a new EEOC charge as to "conduct occurring after the filing of an employee's Title VII complaint in federal court involving 'discrete and independent [retaliatory] actions.'"  644 F.3d

1096 (2011) (quoting *Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003).  Therefore, the issue here is whether the alleged threat to file extortion charges and the alleged false statements to the New Mexico Department of Workforce Solutions constitute retaliatory actions that are "discrete and independent" from the actions raised in Plaintiff's original EEOC/NHMRA claim.

I.      **Hi Country's Alleged Extortion Charges Against Plaintiff**

Defendants' allegation that Plaintiff has failed to exhaust her administrative remedies with regard to the extortion charges fails because the extortion charges do not constitute a "discrete and independent" retaliatory action.  Discrete acts are "easy to identify" and include "termination, failure to promote, denial of transfer, or refusal to hire."  *Ulibarri v. State of New Mexico Corr. Acad.*, 131 P.3d 43, 47 (N.M. 2006).  However, both hostile environment claims and retaliation claims may be supported by "repeated conduct over days or years" and the "cumulative effects of these acts."  *Id.*  In her initial charge to the EEOC, Plaintiff asserted that on May 13, 2011, Szura contacted her and "threatened [her] with criminal 'extortion' charges." Ex. A, Doc. 14-1 at 3.  During HRB's  investigation into Plaintiff's complaint, in response to a statement by Defendant Thomas, Plaintiff's counsel wrote a letter to the HRB stating that Defendants had filed extortion charges with the San Juan County Sheriff's Office.  Ex. B, Doc. 14-1 at 6.  And in its Determination of Probable Cause, the HRB specifically referenced the alleged threat of filing an extortion charge.  Ex. C, Doc. 14-1 at 11 ("You state that you were threatened with an extortion charge after you offered to settle all of your claims against Respondent . . .").  Consequently, the filing of extortion charges is not a discrete and independent action, but part of the cumulative effects of the retaliation about which Plaintiff complained in her initial charge.  Therefore, the Court finds that because Plaintiff has received a Right to Sue

Letter from the EEOC and a Determination of Probable Cause from the HRB, she has sufficiently exhausted her administrative remedies as to the extortion charges.

## II.    Hi Country's Alleged False Statements to DWS

However, the Court finds that Plaintiff has not exhausted her administrative remedies as to Hi Country's alleged false statements to DWS that it had continued to pay Plaintiff after her employment was terminated.  Under *McDonald-Cuba*, such false statements are a distinct, independent act for which Plaintiff is required to file a separate EEOC charge.  644 F.3d at 1101-02.  In that case, as here, (1) the plaintiff complained to her employer that she was being discriminated against on the basis of her sex, and subsequently her employment was terminated; (2) the plaintiff filed an EEOC charge alleging discrimination and retaliation; and (3) the employer allegedly made false statements to DWS in an effort to interfere with the plaintiff's unemployment benefits claim.  *Id.* at 1098-1100.  The Tenth Circuit has held that if the employer retaliated against the plaintiff for filing an EEOC charge by "opposing her application for unemployment benefits, [the plaintiff] would have been obliged to file a second EEOC charge complaining of such retaliation in order to exhaust her retaliation claim."  *Id.* at 1101-02; *see also McNulty v. Sandoval Cnty.*, 222 F. App'x 770, 776 (10th Cir. 2007) (because plaintiff did not file a second EEOC charge regarding additional post-termination actions that she alleged constituted further retaliation, she "did not exhaust her administrative remedies for such a claim, the district court would not have been able to entertain it") (citing *Martinez*, 347 F.3d at 1211). Here, Plaintiff has filed a second charge of retaliation with the HRB and EEOC.  Ex. B, Doc. 8-

2.  But because that charge has not yet been resolved, Plaintiff has failed to exhaust her administrative remedies.[6]

Plaintiff argues that under *Charles v. Regents of New Mexico State Univ.*, she is not required to exhaust her administrative remedies for each separate retaliatory act by Defendants. 256 P.3d 29, 34 (N.M. 2010).  There, the plaintiff alleged unlawful retaliation under the NMHRA for acts beginning in August 2002 and concluding in January 2005, when she was constructively discharged.  She filed an EEOC charge on April 12, 2005.  The defendants argued that any acts occurring before November 2004 could not be included in the plaintiff's claim, because they occurred more than 180 days before the plaintiff filed her EEOC charge, and were therefore barred by the statute of limitations governing at that time.  The New Mexico Supreme Court ruled that because "cases involving retaliation resulting in a constructive discharge may 'involve repeated conduct over days or years and individual acts of [retaliation] may not be separately actionable'[,] . . .  a claim of retaliation resulting in constructive discharge may be based on a series of acts over time."  *Id.*

However, all the acts addressed in *Charles* took place before the constructive discharge and filing of the EEOC charge.  Here, the alleged false statements to NWS occurred after the constructive discharge and filing of an EEOC charge.  They are not part of the repeated conduct resulting in constructive discharge.  Further, the actions at issue in *Charles* were not easily identified, discrete actions such as interfering with unemployment benefits.  Therefore, *Charles* does not eliminate the requirement that Plaintiff exhaust her administrative remedies as to the alleged false statements.

---

[6] Plaintiff's second charge addresses Defendants' alleged extortion charges as well as the alleged false statements to NWS.  The Court is nonetheless satisfied for the reasons stated above that the extortion charges have been exhausted.

### III.     Remedy

Finally, Plaintiff asks that if this Court dismisses either of her retaliation claims for failure to exhaust, it allow her to amend her Complaint to add the claims once the administrative process is complete.  The Court declines to do so at this time.  "A jurisdictional dismissal, here for lack of exhaustion, is a non-merits disposition to be made without prejudice."  *Pretlow v. Garrison*, 420 F. App'x 798, 803 n.5 (10th Cir. 2011).  When the administrative proceedings are complete, Plaintiff may move to amend her Complaint according to the Rules of Civil Procedure. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989).  To address amending the Complaint before that point would be premature.

### CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendants' Motion to Dismiss Counts III and IV, or Parts Thereof, Based on Failure to Exhaust Administrative Remedies (**doc. 8**) as to Plaintiff's claim that Defendants filed criminal extortion charges against her.  The Court **GRANTS** the Motion as to Plaintiff's claim that Defendants made false statements to NWS, and dismisses that claim without prejudice.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE