IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

      Plaintiff,

v.                                                                                CIV 12-0828 WJ/KBM

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHEVROLET, a New
Mexico corporation; and JEFF
THOMAS, a natural person.

      Defendants.

## ORDER UPHOLDING WORK PRODUCT OBJECTION

THIS MATTER is before the Court on the letter briefing of the parties as to the applicability of the work product doctrine to deposition questions by Defendants that ask third-party witnesses for the content of their past discussion when interviewed by opposing counsel. Having reviewed the letters and cases cited within, I find the rationale of the *Ford* case persuasive and adopt it as my own:

> during deposition of third party by defendant's counsel, insofar as defendant's counsel's questions attempted to elicit from third party the specific questions that plaintiff's counsel had earlier posed to third party, or even the area of case to which plaintiff's counsel directed the majority of his questions, it exceeded the permissible bounds of discovery and infringed on plaintiff's counsel's evaluation of the case; however, insofar as questions were directed to the substance of the third party's knowledge of relevant facts, they were acceptable.

*Ford v. Philips Electronics Instruments Co.*, 82 F.R.D. 359 (E.D. Pa. 1979).

Therefore, I find that an attorney's inquiry into the nature of discussions of opposing counsel with a nonparty witness could jeopardize the protection given to opposing counsel's mental impressions, strategies and assessments regarding his case. Especially where an opportunity has been given to subject the nonparty witness to thorough examination as to the witness' knowledge as to the *facts* of the case, a specific objection on the basis of work product protection will be upheld.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE