IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

    Plaintiff,

v.                                                    CIV 12-0828 WJ/KBM

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHEVROLET, a New
Mexico corporation; and JEFF
THOMAS, a natural person,

    Defendants.

## ORDER ON PENDING DISCOVERY MOTIONS

THIS MATTER is before the Court on several pending discovery motions. At a conference held this day, I orally announced my rulings and now set them forth in this Order.

**(1) Defendants' Motion to Reconvene Plaintiff's Deposition** *(Doc. 74)*

Defendants are entitled to discover information regarding Plaintiff's intimate relationships with co-workers that occurred while both Plaintiff and the co-workers worked for Hi-Country in order assess a possible defense to Plaintiff's hostile work environment claim. A plaintiff's sexual behavior with co-workers is relevant to the sexual harassment claims because it is probative of whether the alleged harassment was welcome. The Court therefore will require that Plaintiff's deposition be reconvened and that Plaintiff answer questions regarding her intimate relationships with Hi-Country

employees, if any, that occurred while both were employed by the company.  The Court will not countenance questions that serve only to annoy and harass, however.

The Court further finds that information regarding the steps that Plaintiff took to preserve evidence is not privileged, and Defendants should be permitted at that reconvened deposition to learn what steps Plaintiff took to preserve the text messages at issue in this suit.  Inquiry into Plaintiff's discussions with counsel, if any, regarding preservation of evidence will not be permitted.

**(2)  Defendants' Motion to Compel the Deposition of Rory Teller** *(Doc. 68)*

First, the Court rejects the argument that its request to depose Teller is untimely, especially given the e-mails between the parties in which Plaintiff's counsel indicated he could make Mr. Toller available for a deposition.  Second, as to spousal privileges, the "testimonial" privilege seems to apply only in criminal cases or before a grand jury.  As to the spousal "communications" privilege, it applies only to conversations taking place after Plaintiff and Mr. Teller were married in 2010.  Also, a blanket invocation of privilege is inappropriate because protection from disclosure applies only to *confidential* communications during the marriage.  Again, discretion must be exercised by defense counsel to avoid harassing questions.

**(3)  Motion for Protective Order as to Rule 30(b)(6) Deposition** *(Doc. 98)*

The Court will deny the motion without prejudice to give Mr. West the opportunity to review the transcript of the testimony provided by Mr. Thomas in his deposition taken yesterday and today to see if it sufficiently addresses the areas set forth in Plaintiff's Rule 30(b)(6) deposition notice.

**(4)  Plaintiff's Expedited Motion to Compel Discovery Responses** *(Doc. 67)*

The parties have reached an agreement for searching e-mails and word processed documents.  The resolution was read into the record at the hearing/conference held this afternoon.  Therefore, the motion is now moot.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE