IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

    **Plaintiff,**

V.                                              Case No. 12CV00828 WJ/KBM

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHVROLET, a New Mexico
Corporation, and JEFF THOMAS, a natural person

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR PLAINTIFF'S ABUSE OF THE DISCOVERY PROCESS**

    **THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss for Plaintiff's Abuse of the Discovery Process, filed July 10, 2013 **(Doc. No. 82)**. Having considered the parties' briefs and the applicable law, this Court finds that Defendants' motion is not well-taken and, therefore, is DENIED.

## Background

    Plaintiff Amanda Wells ("Plaintiff") is a former employee of Defendant Hi Country Auto. See **(Doc. No. 1)**, Plaintiff's Complaint. Plaintiff claims during her employment with Defendant Hi Country Auto her supervisor, Defendant Jeff Thomas, sexually harassed her. Further, Plaintiff claims Defendants retaliated against her when Plaintiff reported the harassment by filing extortion charges against her. However, Defendants state that while they attempted to pursue extortion charges, none were actually filed. Defendants further allege that Plaintiff was actually trying to extort them regarding her alleged harassment; thus, their initiation of an investigation into Plaintiff's conduct was justified. Plaintiff eventually filed the instant lawsuit

alleging claims for sexual harassment and retaliation.  Consequentially, Plaintiff's lost wages and her ability to find another job after leaving her job with Defendants play a prominent role in this matter.

Plaintiff stated in written discovery that in December of 2011 she had applied for a parole officer position at the Farmington Probation and Parole Office.  Plaintiff indicated that she spoke to Larry Franco[1] at Probation and Parole and that she was denied a job at that time because of the pending extortion charges against her.  Plaintiff further described this meeting with Mr. Franco at her deposition.  She reiterated during her deposition that this meeting had taken place sometime after October 2011.  Plaintiff stated she sought employment at Probation and Parole after leaving another job in October 2011, thereby providing a rough timeline of when the meeting with Mr. Franco occurred.  It was later discovered that Mr. Franco had resigned from Probation and Parole in June 2011 and by October 2011, he was in federal prison on charges of child pornography.

In their Motion, Defendants assert Plaintiff "entirely made up [the meeting]" with Mr. Franco and twice lied under oath, once in her deposition, and once in her answers to written discovery.  See Defendants' Motion, at p. 4.  Plaintiff asserts that she was simply mistaken about the date of the meeting.  Plaintiff offers the affidavit of Larry Franco in support of her contention that a meeting did occur, albeit not on the same date Plaintiff originally stated.  After Plaintiff was informed that she could not have possibly met with Mr. Franco in December 2011, as he no longer worked at Probation and Parole at that time, Plaintiff also supplemented her discovery responses to reflect that she must have been mistaken about the date.

Defendants claim that Plaintiff is being disingenuous by stating she was simply mistaken

---

[1] Plaintiff's discovery responses apparently misspell the last name as "Franko".  However, given the fact that Plaintiff did not assert that there were two different meetings, one with Larry Franco and one with Larry Franko, the Court will proceed as Defendants did in their Motion, under the assumption that the name "Franko" was simply an inadvertent misspelling by Plaintiff.

2

about the date of the meeting. In addition to the fact that Plaintiff specifically stated the meeting took place after she left her previous job in October 2011, Defendants point to other details regarding Plaintiff's meeting with Mr. Franco which contradict her new contention that the meeting occurred in June 2011. First, Plaintiff stated in her deposition that she discussed the current lawsuit with Mr. Franco during their meeting; this lawsuit was not filed until July 30, 2013.[2] Defendants also point out that Probation and Parole has no record of Plaintiff filling out an application in 2011. Further, Plaintiff stated that she told Mr. Franco the police report regarding the extortion charges was "sitting at the sheriff's office." See Defendants' Motion, at p. 4. Defendants note that the extortion investigation did not begin until the end of May 2011, giving Plaintiff very little time to learn about the investigation prior to her meeting with Mr. Franco. Finally, Defendants attempt to discredit Mr. Franco's affidavit by noting that Mr. Franco's affidavit is "bare bones", and Mr. Franco himself is in federal prison for child pornography. See id. Defendants continue to maintain that Plaintiff has entirely fabricated the meeting with Mr. Franco. Defendants request that this Court dismiss this matter in its entirety based upon Plaintiff's alleged abuse of the discovery process.

## Discussion

**I.   Legal Standard**

"A district court has inherent equitable powers to impose the sanction of dismissal with prejudice because of abusive litigation practices during discovery." Garcia v. Berkshire Life Ins. Co. Of Am., 569 F.3d 1174, 1179 (10th Cir. 2009). Because of the harshness of dismissal, however, due process requires that the discovery violation be predicated upon "willfulness, bad faith, or [some] fault of petitioner" rather than inability to comply. Nat'l Hockey League v.

---

[2] Plaintiff's statement that she discussed the instant lawsuit with Mr. Franco would equally call into doubt her original statement that the meeting took place in December 2011, because that was a year and a half before the lawsuit was filed.

Metro. Hockey Club, Inc., 427 U.S. 639, 640 (1976). "Dismissal under circumstances that defeat altogether a litigant's right to redress grievances in the courts is a severe sanction, 'applicable only in the extreme circumstances'... [and] should be used as 'a weapon of last, rather than first, resort.'" Meade v. Grubbs, 841 F.2d 1512, 1520 n. 6 (10th Cir.1988).  A Court should consider several factors when deciding to dismiss a case for discovery violations, including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir.1992)

There is no rigid test however, and a district court's decision regarding the sanction of dismissal is reviewed for abuse of discretion.  Garcia, 569 F.3d at 1179.

Providing false statements during the discovery process is a flagrant violation the rules of this Court.  Lying during the discovery process "constitute[s] willful deceit and ma[kes] a mockery of the judicial process."  See Chavez v. City of Albuquerque, No. 00-307, *5 Lexis 10282 (D.N.M. Aug. 18, 2003) aff'd, 402 F.3d 1039 (10th Cir. 2005).  When a party submits false information during discovery, "[t]he prejudiced party is forced either to attempt independent corroboration of each submission, at substantial expense of time and money, or to accept the real possibility that [the information] submitted by the opposing party [is] inaccurate." Garcia, 569 F.3d at 1180.  "[T]he exclusion of the fabricated evidence [is not] always enough to deter discovery misconduct.  Id. (noting "[l]itigants would infer that they have everything to gain, and nothing to lose, if manufactured evidence merely is excluded while their lawsuit continues.") (citations omitted).

## II.     Defendants' Evidence Does Not Conclusively Establish That Plaintiff Fabricated Her Meeting with Mr. Franco Regarding Employment with Probation and Parole

Parties in this matter, while agreeing that Plaintiff's meeting with Mr. Franco could not have occurred when Plaintiff originally stated it occurred, have two completely different explanations for Plaintiff's incorrect statement regarding the date of the meeting.  Plaintiff claims that she misremembered the date of the meeting with Mr. Franco while Defendants maintain that Plaintiff intentionally lied about meeting with Mr. Franco.  Defendants put forth evidence noting that Mr. Franco no longer worked at Probation and Parole during the time period that Plaintiff originally stated the meeting occurred.  Further, they note specific details Plaintiff provided about the meeting that would make it impossible for the meeting to have occurred before June 2011.  Those facts alone, even supported by documentation, do not conclusively establish that Plaintiff *lied* or was purposefully dishonest regarding whether she actually met with Mr. Franco at all.

Determining whether Plaintiff was intentionally dishonest or simply incorrect about the date of the meeting in this matter is not as straightforward as other cases in which courts have dismissed cases for a plaintiff's dishonesty during discovery.  Plaintiff has not admitted to giving a false statement nor does Plaintiff's explanation does not strain all bounds of credulity See Archibeque v. Atchison, Topeka & Santa Fe Ry. Co., 70 F.3d 1172, 1174 (10th Cir. 1995) (upholding dismissal where Plaintiff denied ever seeing a doctor for her back prior to the accident involving Defendant and it was later discovered that Plaintiff had chronic back problems prior to the accident for which she was treated by a number of doctors); Chavez v. City of Albuquerque, 402 F.3d 1039, 1042 (10th Cir. 2005) (Plaintiff actually admitted he lied during discovery regarding his involvement in the crime that precipitated his encounter with Defendant Officers); Vigil v. Stone, CIV 10-947 LGF/WDS (Doc. No. 51) (D.N.M. December 12, 2011)

(dismissing a case where Plaintiff claimed not to have any criminal history in spite of numerous felony convictions and claimed not to know a witness when it was later revealed that Plaintiff had been previously married to the witness).  In the cases cited above, either the plaintiff admitted to providing false information or there was no other plausible explanation for the disparity between the plaintiff's statements and what was later revealed.  Claiming that an opposing party provided false information in discovery is a serious accusation, and one that must be supported by more evidence that is present here.

Plaintiff's statements regarding the meeting, specifically the fact that she stated the meeting occurred after she left a job in October 2011, months after Mr. Franco no longer worked at Probation and Parole, do raise some concerns about the validity of her assertion that she simply misremembered the date.  In spite of these concerns, this Court is not convinced that Plaintiff *lied.* However, if this Court was convinced that Plaintiff had *lied* regarding the meeting with Mr. Franco, severe sanctions would be considered.  For now, parties are on notice that any type of intentional mispresentations during the discovery process or during trial will be subject to the Court's close scrutiny.  Because the Court is not convinced that any type of abusive discovery practice occurred in this instance, the Court will not conduct an analysis under Ehrenhaus to determine the severity of sanctions.

## Conclusion

Presenting false evidence during the discovery process is a very serious matter; one that may be sanctioned heavily, even up to the point of dismissing the case.  However, in this instance, it is plausible that Plaintiff was simply mistaken about the date of the meeting rather than Plaintiff completely fabricating the meeting with Mr. Franco.  Accordingly, this Court is not

convinced Plaintiff committed any abuse of the discovery process so sanctions will not be imposed.

**THEREFORE,**

**IT IS ORDERED**, that Defendants' Motion to Dismiss for Plaintiff's Abuse of the Discovery Process **(Doc. No. 82)** is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE