IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

    Plaintiff,

V.                                            Case No. 12CV00828 WJ/KBM

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHVROLET, a New Mexico
Corporation, and JEFF THOMAS, a natural person

    Defendants.

**MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANTS'
OBJECTION TO ORDER UPHOLDING WORK PRODUCT OBJECTION**

**THIS MATTER** comes before the Court upon Defendants' Objection to Order Upholding Work Product Objection, filed July 23, 2013 **(Doc. No. 96)**. Having considered the Defendants' objection and the applicable law, the Court finds that Defendant's objection is not well-taken and, therefore, is DENIED.

## Background

This dispute arises out an objection by Plaintiff's counsel during the deposition of Joella Montano. During her deposition, defense counsel asked Ms. Montano whether she had spoken with Plaintiff's counsel regarding the case. Ms. Montano stated that she had. When defense counsel questioned Ms. Montano about the specifics of her conversation with Plaintiff's counsel, Plaintiff's counsel objected on the grounds that Plaintiff's counsel's conversation with Ms. Montano constituted attorney work product. Parties raised this issue during a status conference with Magistrate Judge Molzen. Magistrate Judge Molzen instructed the parties to submit additional case law regarding this issue. After reviewing the letters submitted by both parties,

Magistrate Judge Molzen upheld the attorney work product objection.  See **(Doc. No 86)**, Order Upholding Work Product Objection.  Magistrate Judge Molzen's ruling stated the court was likely to uphold a work product objection if defense counsel asked witnesses questions regarding "the nature of [their] discussions with opposing counsel."  See **(Doc. No. 86)** at p. 2.  Magistrate Judge Molzen's Order did not prohibit Defendants from inquiring about a witness' knowledge of the facts of the case.  Id.  Defendants ask this Court to set aside or modify Magistrate Judge Molzen's Order pursuant to Fed. R. Civ. P. 72.[1]

## Discussion

**I.     Legal Standard**

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court shall consider objections made by the parties and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  To overturn the magistrate judge's decision as clearly erroneous under Rule 72(a), the district court must have "a definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir.1988) (internal quotation omitted).  Stated more colorfully, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." Sartori v. Susan C. Little & Associates, P.A., CIV 12-0515 JB/LFG, 2013 WL 4401383 (D.N.M. July 30, 2013) (quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988)).

---

[1] Plaintiff did not respond to Defendants' objections.  While Plaintiff was entitled to respond, she was not required to respond and is not faulted for not responding.  See D.N.M. CIV L.R. 72.1 (noting that local rules 7.3, 7.4, and 7.5 apply to objections to a magistrate judge's order, but not including 7.1); see also Local Rule 7.1(b) (noting that failing to respond to a motion constitutes consent to grant the motion).

**II.     U.S. Magistrate Judge Karen Molzen's Order Correctly States the Law Regarding the Attorney Work Product Doctrine.**

Defendants' objection correctly states that, "the work product concept [furnishes] no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned."  Oklahoma v. Tyson Foods, Inc., 262 F.R.D. 617, 628 (N.D. Okla. 2009). However, Defendants' reading of Tyson and the other case law on this issue cited in their objection is incorrect.  The attorney work product doctrine does not allow a witness to refuse to provide their underlying knowledge of the facts of a case simply because those facts were repeated to counsel.  See Hickman v. Taylor, 329 U.S. 495, 504, (1947) ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney.").  However, it does not follow that counsel can therefore inquire as to the nature of conversations with opposing counsel.  The *facts* referred to in the cases cited by Defendants refer to a witness' objective knowledge of the underlying matter, not the statements reported to opposing counsel.  Defendants have offered no case law that states a party is entitled to question a non-party witness as to the specifics of their conversation with opposing counsel.

In fact, case law cuts against Defendants' argument.  The Ford case relied upon by Magistrate Judge Molzen is on all fours with the facts here:

> During deposition of third party by defendant's counsel, insofar as defendant's counsel's questions attempted to elicit from third party the specific questions that plaintiff's counsel had earlier posed to third party, or even the area of case to which plaintiff's counsel directed the majority of his questions, it exceeded the permissible bounds of discovery and infringed on plaintiff's counsel's evaluation of the case; however, insofar as questions were directed to the substance of third party's knowledge of relevant facts, they were acceptable.

Ford v. Philips Electronics Instruments Co., 82 F.R.D. 359 (E.D. Pa. 1979).  Additionally, "[a]ny questions that would reveal information tending to directly or indirectly show [counsel's] thoughts, opinions, or strategies would be improper, as the attorney work-product privilege

3

protects that information." <u>Sanchez v. Matta</u>, 229 F.R.D. 649, 659 (D.N.M. 2004).  In <u>Sanchez</u>, U.S. District Judge James Browning held that, "[q]uestions asking for the content of the questions posed to interviewees, for the organization of those questions, for follow-up questions posed, for follow-up information obtained after any interviews […] or for similar questions would be improper as a violation of the [work product] privilege. <u>Id.</u>

Defendants also misstate Judge Molzen's ruling; Judge Molzen did not rule that "because Defendants asked Ms. Montano other factual questions during her deposition, the facts that Ms. Montano related to Plaintiff's counsel are protected by the work product doctrine."  Judge Molzen held that questioning Ms. Montano regarding her conversations with Plaintiff's counsel would offend the work product doctrine.  Additionally, Judge Molzen pointed out that Defendants had the opportunity to question Ms. Montano regarding her knowledge of the facts of the case.

As outlined above, Judge Molzen's Order was not "clearly erroneous" or "contrary to law."  Judge Molzen having properly applied the law to the matter at issue, this Court cannot detect any odor quite as pungent as decaying fish emanating from Judge Molzen's ruling.  Accordingly, Defendants' Objection to Magistrate Judge Molzen's Order **(Doc. No. 86)** is overruled.

**THEREFORE,**

**IT IS ORDERED**, that Defendants' Objection to Order Upholding Work Product Objection to Order Upholding Work Product Objection **(Doc. No. 96)** is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE