IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

    Plaintiff,

vs.                                                        CIV 12-0828 RB/KBM

HI COUNTRY AUTO GROUP d/b/a
HI COUNTRY CHEVROLET, a New Mexico
corporation; and JEFF THOMAS, a natural person,

    Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH

THIS MATTER comes before the Court on Defendants' Motion to Quash Subpoena for Production or Inspection to AT&T (*Doc. 120*) filed August 14, 2013, and ready for ruling as of September 10, 2013. The Court, having reviewed the parties' submissions and the relevant law, finds that the Motion is well-taken and should be granted.

### Background

The original deadline for all discovery to be completed in this case was June 5, 2013. *Doc. 21*. Pursuant to the stipulation of the parties, this Court extended the deadline "for conducting discovery related to depositions" though July 31, 2013. *Doc 61*. The parties further stipulated to extending the deadline for "completing depositions" through August 23, 2013. *Doc. 118*. The Court did not extend the deadline with respect to written discovery.

Plaintiff served the subpoena at issue to AT&T on August 8, 2013, and requested:

> All call details and all incoming and outgoing call records for (505) 320-9942 and (505) 419-4274, account holder: Vivian Granito – for the period May 11, 2013 through July 26, 2013, including information regarding text messaging to and/or from this number or subscriber.

*Doc. 120-1 at 1.* Defendants move to quash the subpoena on the grounds it is untimely, overly

broad and not reasonably calculated to lead to the discovery of admissible evidence. For the following reasons, the Court agrees and will quash the subpoena.

Legal Standard

Fed.R.Civ.P. 45 governs motions to quash subpoenas and provides:

(3) Quashing or Modifying a Subpoena.

> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
>
>> (i) fails to allow a reasonable time to comply;
>> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).

A Rule 45 subpoena is a discovery device and is subject to a court's scheduling order as well as general rules concerning discovery. *Skipper v. City of Roswell*, Case No. CIV 09-521 ACT/CG (D.N.M. Apr. 16, 2010) (unpublished opinion by Magistrate Judge Lorenzo F. Garcia). As a general rule, subpoenas issued to non-parties are equally subject to the discovery deadlines imposed in a scheduling order. *Moriarty v. Bd. of Cnty. Comm'rs*, No. 11-cv-722 JAP/KBM, Order Quashing Subpoenas to Verizon Wireless, (D.N.M. Dec. 6, 2012) (unpublished opinion by Chief Magistrate Judge Karen B. Molzen) (quoting 9 James Wm. Moore, Moore's Federal Practice § 45.03[2] (3d ed. 2012) ("[O]nce the discovery deadline established by a scheduling order has passed, a party may not employ a subpoena to obtain materials from a third party that could have been procured during the discovery period.")). The District of New Mexico has accordingly quashed subpoenas filed outside of the discovery

period on more than one occasion.  See *Skipper* ; *Baysinger v. Lucero*, Case No. CIV 09-806 JH/LFG (D.N.M. Mar. 19, 2010) (unpublished opinion by Magistrate Judge Lorenzo F. Garcia); *Luciani v. Ingle*, Case No. CIV 06-426 JH/LFG (D.N.M. Nov. 28, 2006) (unpublished opinion by Magistrate Judge Lorenzo F. Garcia).

Irrelevance is not contained within the list of enumerated reasons for quashing a subpoena found in Rule 45.  *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 665 (D. Kan. 2003). It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34.  *Id*.  Thus, the court must examine whether a request contained in a subpoena is overly broad or seeks irrelevant information under the same standards as set forth in Rule 26(b) and as applied to Rule 34 requests for production.  *Id.*

Analysis

Defendants contend that the subpoena should be quashed because it is untimely, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  There is no question that the August 8, 2013, subpoena was issued outside of the time for written discovery, which concluded on June 5, 2013, and for discovery "related to depositions" as extended by stipulation of the parties through July 31, 2013.  While the deadline for completing depositions was August 23, 2013, all other discovery should have concluded on July 31, 2013. None of the parties have requested any additional extensions and none have been granted.

Plaintiff argues that the subpoena is not untimely because the issues that led to the issuance of the subpoena did not arise until after the July 15, 2013 deposition of Fil Catania. Plaintiff additionally asserts that she delayed issuing the subpoena at Defendant's request.[1]

---

[1] Plaintiff also requests that this Court hold an evidentiary hearing "to determine whether Defendants' statements to this Court made in opposition to the Plaintiff's Sealed Motion to Reconvene the Deposition of Vicki

Plaintiff's arguments are unavailing. Even if the issues giving rise to the issuance of the subpoena first surfaced at Mr. Catania's deposition on July 15, 2013, Plaintiff had another two weeks, until July 31, 2013, to issue any discovery "related to the depositions," including the subpoena. Instead, Plaintiff delayed in issuing the subpoena until almost a month later on August 8, 2013. Plaintiff's lament that she delayed in serving the subpoena at Defendants' request does not assist her. Plaintiff should have issued the subpoena prior the close of discovery to insure it was served in a timely fashion.

Even if Plaintiff had issued the subpoena in a timely fashion, the information requested is overly broad and unduly burdensome. Plaintiff's request incorporates all of Ms. Granito's telephone communications and text messages for a two and a half month period without regard to whether those communications are remotely relevant to the narrow issue of whether Ms. Grantio felt intimidated during her deposition. Such an expansive intrusion into Ms. Granito's private text messages and telephone communications is unwarranted.

## Conclusion

Since Plaintiff's subpoena is untimely, overly broad and unduly burdensome, the Court will grant Defendants' Motion to Quash.

---

Granito are worthy of belief and, relatedly, whether the Defendants should be sanctioned for abuses of the discovery process, as more specifically identified in the pending Motion to Reconvene Vicki Granito's Deposition." *Doc. 127 at 2*. The Court declines the invitation to hold an evidentiary hearing. First, Plaintiff has not filed a motion that would allow the court to grant relief in the form of a sanction for abuse of the discovery process. That issue is not properly before the Court as the only relief sought in the aforementioned motion was to reconvene the deposition of Ms. Granito. *Doc. 101*. Second, the Court declines to rule on whether the witnesses in this case are "worthy of belief." The credibility of witnesses in this case should be left to the purview of the jury.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Quash Subpoena for Production or Inspection to AT&T (*Doc. 120*) is **granted.** Non-party AT&T is not required to respond to the subpoenas served on or about August 8, 2013.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE