IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

    Plaintiff,

V.                                        Case No. 12CV00828 WJ/KBM

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHVROLET, a New Mexico
Corporation, and JEFF THOMAS, a natural person

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION
TO EXCLUDE EXPERT TESTIMONY REGARDING DEFENDANTS' NET WORTH**

**THIS MATTER** comes before the Court upon Defendants' Motion to Exclude Expert Testimony Regarding Defendants' Net Worth, filed September 20, 2013 **(Doc. No. 148)**. Having considered the parties' briefs and the applicable law, the Court finds that Defendants' motion is well-taken and, therefore, is GRANTED.

**Background**

Plaintiff brings this sexual harassment lawsuit against her former employers, Defendants Hi Country Auto and Jeff Thomas, based on allegations that Defendants created a hostile work environment for Plaintiff. Plaintiff intends to introduce the testimony of economist Brian McDonald, PhD. regarding a number of financial aspects of this case including back pay, lost wages, and at issue in the present motion, net worth of Defendants. Defendants oppose the introduction of Dr. McDonald's testimony on the issue of net worth for three (3) reasons: 1) Plaintiff failed to disclose Dr. McDonald's opinions regarding net worth in Dr. McDonald's Fed. R. Civ. P. 26(a)(2)(B) expert report; 2) Dr. McDonald's testimony will not aid the trier of fact as

required by Fed. R. Evid. 702(a); and 3) Dr. McDonald's own statements illustrate that he is not qualified to independently calculate Defendants' net worth.  Defendants request that the Court exclude Dr. McDonald's testimony regarding net worth.[1]

## Discussion

### I. Legal Standard

The Federal Rules of Civil Procedure articulate specific disclosure requirements for expert witness opinions.  Expert reports must "contain a complete statement of all opinions to be expressed." Fed.R.Civ.P. 26(a)(2)(B). "A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at trial ... any ... information not so disclosed." Fed.R.Civ.P. 37(c)(1). The district court has broad discretion to decide if a Rule 26(a) violation is justified or is harmless. Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir.2002).  No explicit findings on this issue are required, and the court should consider: (1) whether the other party will be prejudiced, (2) the ability to cure any prejudice, (3) whether allowing the evidence would disrupt the trial, and (4) the violator's bad faith or willfulness.  Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir.1999)[2].

In addition to the above-listed disclosure requirements, expert testimony is also governed by the Federal Rules of Evidence.  Fed. R. Evid. 702(a) provides that an otherwise qualified expert witness may testify if "the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue."  Fed. R. Evid. 702 also addresses the reliability requirements for expert testimony found to be helpful to the

---

[1]  It is important to note that Defendants' Motion does not challenge, therefore this Order does not address any of Dr. McDonald's testimony on issues other than Defendants' net worth.

[2]  Contrary to Defendants' vehement assertions otherwise, objections to an expert's testimony based upon a failure to follow the disclosure requirements set forth in Fed. R. Civ. P. 26 are discovery issues, not Daubert issues no matter what the caption of the motion raising these issues states.  See McCoy v. Whirlpool Corp., 214 F.R.D. 646, 649 (D. Kan. 2003) (noting that Plaintiff's objections to the form of the expert report even though raised in a self-styled Daubert motion implicated Fed. R. Civ. P. 26 and not Daubert considerations).

trier of fact.  In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993), the United States Supreme Court explained that Rule 702 assigns to the district judge a gate-keeping role to ensure that scientific testimony is both reliable and relevant. With regard to reliability, the Court's gate-keeping function involves a two-step analysis. First, the Court must determine whether the expert is qualified by "knowledge, skill, experience, training or education" to render an opinion. See Fed.R.Evid. 702. The second step of the Court's reliability analysis, taken once the witness is found to be qualified, is to determine whether the expert's opinions themselves are "reliable" under the principles set forth under Daubert and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999).  See Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965 (10th Cir. 2001).

## II.     Plaintiff has Failed to Demonstrate that Dr. McDonald's Testimony Will Aide the Trier of Fact.

Defendants allege Dr. McDonald is simply going to read figures regarding Defendants' net worth into the record.  Defendants further allege that the figures Dr. McDonald will provide to the jury are based exclusively on Defendant Jeff Thomas' own statements regarding his net worth and the net worth of his company, Defendant Hi Country Auto.  Instead of disputing this characterization of Dr. McDonald's testimony, Plaintiff simply argues that in general, information regarding net worth is a proper area of expert testimony and is relevant to a calculation of punitive damages.

Plaintiff's response misapprehends Defendants' argument.  Defendants are not arguing that testimony regarding net worth is not relevant to a punitive damage claim nor are they claiming that an in-depth analysis or calculation of net worth would assist the trier of fact. Defendants are arguing that an expert is not required to simply read figures regarding Defendants' net worth to the trier of fact.  The Court agrees with Defendants.  During his

3

deposition, Dr. McDonald testified that he would inform the jury about Defendants' financial condition, including Defendant Thomas' income for each of the relevant years and the net worth of both Defendants. Based upon the portions of Dr. McDonald's deposition cited by Defendants, it does not appear that Dr. McDonald will be providing any testimony beyond a final number for Defendants' net worth, a number which Dr. McDonald himself did not calculate. Plaintiff did not provide any specific testimony that Dr. McDonald may offer beyond a recitation of the numbers provided by Defendants. Defendants cite a specific statement made by Dr. McDonald during his deposition which convinces the Court his testimony would not aid a trier of fact: "Q: So… you are just taking the number that's on that financial statement [that was prepared from information from Jeff Thomas which was prepared by his CPA]; is that right? A: Correct.[3]" See (**Doc. No. 148-1**), Deposition of Dr. McDonald (attached as Exhibit A to Defendants' Motion), p. 5. The Court finds expert testimony on Defendants' net worth will not aide the trier of fact's consideration of this issue because Dr. McDonald will essentially be reading off figures from a script.[4] The trier of fact is entirely capable of reviewing the numbers for themselves. "[W]here as here expert testimony is offered on an issue that a jury is capable of assessing for itself, it is plainly within the trial court's discretion to rule that testimony inadmissible because it would not even marginally 'assist the trier of fact,' while it must be viewed as a 'needless presentation.'" Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 941 (10th Cir. 1994).

## Conclusion

Dr. McDonald's expert testimony on Defendants' net worth will not aide the trier of fact on the issue of net worth because he will not provide any specialized knowledge; instead, he will

---

[3] The bracketed portion of the text was taken from earlier in the deposition.
[4] Although the Court need not address Dr. McDonald's qualification to prepare his own calculation of Defendants' net worth, the Court is further convinced that Dr. McDonald's testimony will not be helpful on this issue because he is exclusively relying on Defendants' own calculations of net worth.

simply read Defendants' own statements into evidence. This Order is not meant to categorically bar evidence regarding Defendants' net worth. In fact, the Court's ruling on this Motion is based upon an assumption that Defendants' statements regarding their own net worth will be introduced through other means permissible under the Federal Rules of Evidence. The Court may revisit this ruling if it detects any gamesmanship on the part of Defendants in attempting to prevent their own statements regarding their net worth from being introduced into evidence. Finally, having found Fed. R. Evid. 702(a) to be dispositive of Dr. McDonald's testimony, the Court need not address Defendants' other grounds for excluding Dr. McDonald's testimony regarding net worth.

**THEREFORE,**

**IT IS ORDERED**, that Defendants' Motion to Exclude Expert Testimony Regarding Defendants' Net Worth **(Doc. No. 148)** is **GRANTED.**

_____
UNITED STATES DISTRICT JUDGE