IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

      Plaintiff,

      v.                                                                             CIV 12-0828 WJ/KBM

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHVROLET, a New Mexico
Corporation, and JEFF THOMAS, a natural person

      Defendants.


## ORDER GRANTING DEFENDANTS'
## MOTION TO STRIKE CERTAIN WITNESSES

THIS MATTER comes before the Court on Defendants' Motion to Strike Jennifer Mayberry[1] and Levi Bridge from Plaintiff's Witness List (*Doc. 136*). The motion was fully briefed on October 1, 2013. In their motion Defendants seek to strike Ms. Mayberry and Mr. Bridge for Plaintiff's failure to provide valid contact information. The Court agrees and finds that Plaintiff failed to provide the required contact information for Ms. Mayberry and Mr. Bridge and, therefore, will strike these witnesses.

**Background**

Plaintiff disclosed Jennifer Mayberry in the Joint Status Report and Provisional Discovery Plan ("JSR") and provided a telephone number for her. Defendants were unable to contact Ms. Mayberry at the number provided and unsuccessfully attempted to find a good contact number for her. Unable to obtain the information on their own, Defendants requested that Plaintiff provide adequate contact information. Plaintiff

---

[1] Plaintiff identified Jennifer Mayberry as "Jennifer Van Huss" in the JSR. The parties agree, she is one in the same and, for clarity, the Court will refer to her as Jennifer Mayberry.

provided two addresses, but Defendants were unable to contact Ms. Mayberry at those addresses, one of which did not exist. Plaintiff did not disclose Mr. Bridge until August 5, 2013, eighteen days before the close of discovery and failed to provide any contact information for him.

**Discussion**

Rule 26 requires that each party provide to the other "the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). Rule 26 disclosures are designed to accelerate the exchange of basic information and help focus the discovery that is needed, and facilitate preparation for trial or settlement. *See*, *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (quoting Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a)) (quotations omitted). Initial disclosures should provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement. *Id.* To that end, initial disclosures should be complete and detailed, and should give the opposing party information as to the identification and location of witnesses so that they can be contacted in connection with the litigation. *Id.* Thus, the disclosing party bears the burden of identifying and providing contact information for any individual that party seeks to call at trial.

While a disclosing party must provide addresses and telephone numbers if that information is known to them, the party is not excused from providing it merely because she believes the opposing party already has knowledge of and contact information for

**2**

these individuals. *See*, *Lipari v. U.S. Bancorp, N.A.*, CIVA 07-2146-CM-DJW, 2008 WL 2874373 (D. Kan. July 22, 2008).

In this case, Plaintiff failed to provide sufficient information to contact either Ms. Mayberry or Mr. Bridge. Plaintiff argues that: she has provided all of the information available to her; Defendants either should be able to contact Ms. Mayberry through its own employees or former employees; and Defendants are aware of Ms. Mayberry's contact information and have concealed it from Plaintiff. Plaintiff further argues that she did not learn of Mr. Bridge until August 1, 2013, and that, as a "recently separated" employee of Defendants, they should have contact information for him. None of these arguments are availing.

Under Rule 26, it is Plaintiff's burden to provide contact information for any witness she seeks to call at trial, and this Court declines to place on Defendants the burden of obtaining contact information for these witnesses. Plaintiff cannot expect Defendants to find witnesses for her, and she provides no evidence that Defendants are concealing the witnesses' contact information.

Further, Plaintiff should have disclosed Mr. Bridge in a timely fashion. Parties have a duty to supplement their initial disclosures in a timely manner. Fed. R. Civ. P. 26(e). Although, Plaintiff now claims she did not learn of Mr. Bridge until August 1, 2013, Plaintiff's own testimony demonstrates that she had knowledge of Mr. Bridge and his role as a potential witness as early as June of 2013, when she testified about Mr. Bridge during her deposition. Plaintiff's disclosure was made just 18 days prior to the discovery deadline, and without contact information and left Defendants only four days to find Mr. Bridge and serve him with a deposition notice. The disclosure was, therefore,

untimely in addition to being incomplete.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 (c)(1). Since Plaintiff has not provided substantial justification for her failure to provide contact information as required by Rule 26(a), the Court will not allow her to call Jennifer Mayberry or Levi Bridge as witnesses at the trial of this matter.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Jennifer Mayberry and Levi Bridge from Plaintiff's Witness List (*Doc. 136*) is **granted**.

> THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of this Order they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Order. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE