IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

       Plaintiff,

      v.                                     CIV 12-0828 WJ/KBM

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHVROLET, a New Mexico
Corporation, and JEFF THOMAS, a natural person

       Defendants.

## ORDER DENYING PLAINTIFF'S
## MOTION FOR ORDER OVERRULING THE DEFENDANTS' ASSERTION OF
## ATTORNEY-CLIENT PRIVILEGE

THIS MATTER comes before the Court on Plaintiff's Motion for Order Overruling the Defendants' Assertion of Attorney-Client Privilege (*Doc. 138*), fully briefed on October 4, 2013. In her motion, Plaintiff requests that the Court overrule Defendants' assertion of the attorney-client privilege during deposition testimony of Defendant Jeff Thomas.

## Background

This case arises from allegations of sexual harassment and a hostile work environment. During Mr. Thomas' deposition, Mr. Thomas testified that Chris Israel, a manager and representative of Defendants, contacted Joella Montaño. Mr. Thomas believed the contact was initiated, "to try to get in contact with her for her deposition or to find out how to get in contact with her." *Doc. 138* at 8 - 9. When Mr. Thomas was asked how he knew that Mr. Israel contacted Ms. Montaño, he was instructed to not

reveal any attorney-client privileged communications. The following colloquy also took place:

Q: Okay. Other than what you heard in Joella Montaño's deposition, and other than what you talked with your lawyers about, do you have any information as to why Chris Israel contacted Joella Montaño?"

A: Other than those two, no.

*Doc. 138* at 9.  It was later established that Ms. Montaño did not testify that Mr. Israel contacted her.  *Doc. 138* at 10.  Mr. Thomas additionally testified that he recalls discussing Mr. Israel contacting Ms. Montaño with Mr. Israel at the sales tower and on a phone call in which his attorney also took part.  *Doc. 138* at 11.  When Plaintiff's counsel attempted follow-up questions to obtain details about what was discussed about Mr. Israel's contact with Ms. Montaño, Defense counsel instructed Mr. Thomas not to answer.  Plaintiff argues that Mr. Thomas could only have learned about the contact between Mr. Israel and Ms. Montaño from his attorneys and that she is entitled to disclosure not only to the fact that Mr. Thomas received a communication from his attorneys about Mr. Israel's contact with Ms. Montaño, but also the details of what Mr. Thomas learned about the contact.

Defendants argue that Plaintiff's motion is moot because Mr. Thomas has answered the questions posed to him and that their objections during the deposition were proper because Plaintiff's counsel was asking Mr. Thomas to reveal attorney-client communications.  The Court agrees that the questions have been answered and the objections were proper and will, therefore, deny the motion.

## Discussion

Federal Rule of Evidence 501 provides that privileges in federal-question cases

generally are "governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501.   The Advisory Committee Notes state that the rule "reflect[s] the view that the recognition of a privilege based on a confidential relationship and other privileges should be determined on a case-by-case basis."   *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1184 (10th Cir. 2006).   The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law."   *Id.*   (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677 (1981)).   "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."   *Id.*   The privilege serves the client's need for legal advice, but it also serves the attorney's need to receive complete information in order to give the proper advice.   *Id.*

Under the common law, a critical component of the privilege "is whether the communication between the client and the attorney is made in confidence of the relationship and under circumstances from which it may reasonably be assumed that the communication will remain in confidence."   *Id.*   (quoting *United States v. Lopez*, 777 F.2d 543, 552 (10th Cir.1985)).   Because confidentiality is key to the privilege, "[t]he attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party."   *Id.*   (quoting *United States v. Ryans*, 903 F.2d 731, 741 n. 13 (10th Cir.1990)).   The privilege also protects advice given by the lawyer in the course of representing the client.   *In re Grand Jury Subpoena To Kansas City Bd. of Pub. Utilities*, 246 F.R.D. 673, 678 (D. Kan. 2007).   The privilege, however, "is to be extended no more broadly than necessary to effectuate its purpose."   *Id.*; *see*

3

also *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir.1990) ("Communications from attorney to client are privileged only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence.").

However, "when an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged." *In re Grand Jury Proceedings*, 616 F.3d at 1182. While the privilege protects disclosure of substantive communication between attorney and client, "it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Id.* There must be a connection between "the subject of the communication and the rendering of legal advice" for the attorney-client privilege to shield the communication from disclosure. Legal advice must predominate for the communication to be protected. The privilege does not apply where the legal advice is merely incidental to business advice. *Id.* Further, the subject matter of meetings with an attorney, the persons present, the location of the meetings, or the persons arranging the meetings are also not protected by the privilege. *Id.*

In this case, Plaintiff asked Mr. Thomas where he learned that Mr. Israel contacted Ms. Montaño. Mr. Thomas testified that he learned that information from his attorneys. Once Plaintiff's counsel began asking about the substance of the information relayed to Mr. Thomas by his attorneys, he crossed the line into privileged territory. Defendants' counsel properly objected and instructed Mr. Thomas not to answer any questions beyond where he learned the information.

Defendant argues that Mr. Thomas waived the privilege by testifying "I believe the contact was to find out, you know, if to get in contact with her and try to see where she was to – I believe to try to get in contact with her for her deposition or to find out

how to get in contact with her." *Doc. 138* at 8 – 9.   These statements did not waive the privilege because they did not reveal anything substantive about an attorney-client communication.

Further, Mr. Thomas testified that he may have discussed Mr. Israel contacting Ms. Montaño with him on two occasions, once at the sales tower and once on the phone when one of his lawyers was present.  *Doc. 138* at 11.  Mr. Thomas could not recall whether he learned that Mr. Israel contacted Ms. Montaño about the deposition during the phone call or at the sales tower.   *Id.*   Finally, as Plaintiff points out, mere facts are not privileged.  Mr. Thomas was testifying about a fact – what he believed the communication between Mr. Israel and Ms. Montaño was about – not what his attorney's communicated to him or what he communicated to them.  Since Mr. Thomas was not discussing privileged information when he made this statement, it did not waive the attorney-client privilege.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Order Overruling the Defendant's Assertion of Attorney-Client Privilege (*Doc. 138*) is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

5