IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

    Plaintiff,

V.                                        Case No. 12CV00828 WJ/KBM

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHVROLET, a New Mexico
Corporation, and JEFF THOMAS, a natural person

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SEALED MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

**THIS MATTER** comes before the Court upon Plaintiff's Sealed[1] Motion for Partial Summary Judgment and to Strike the Defendants' Affirmative Defenses, filed September 20, 2013 **(Doc. No. 150)**. Having considered the parties' arguments and the applicable law, the Court finds that Plaintiff's motion is partially well-taken and, therefore, is GRANTED in part and DENIED in part.

**Background**

This is a sexual harassment lawsuit based upon an allegedly hostile work environment. In her motion, Plaintiff requests that this Court strike each of Defendants' twenty three (23) affirmative defenses set forth in Defendants' Answer to Plaintiff's First Amended Complaint. **(Doc. No. 81)**. Plaintiff argues that Defendants' affirmative defenses are without factual or legal merit. Defendants agreed to withdraw their Twelfth, Thirteenth, Fourteenth, Fifteenth,

---

[1] Plaintiff originally filed her Motion under seal, but in response to the Court's Order to Show Cause **(Doc. No. 202)**, Plaintiff consented to have the seal lifted as to her Motion and related briefing. See **(Doc. No. 203)**, Plaintiff's Response to Order to Show Cause.

Sixteenth, Eighteenth, and Twenty Second affirmative defenses. Accordingly, Plaintiff's Motion is moot as to those affirmative defenses.

## Discussion

### I.    Legal Standard

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense." Fed. R. Civ. P.  However, motions to strike affirmative defenses are generally disfavored. See Friends of Santa Fe County v. LAC Minerals, Inc., 892 F.Supp. 1333, 1343 (D.N.M. 1995) (citations omitted). To strike a defense, its legal insufficiency must be "clearly apparent." Id. (same). A court "must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Id. (same). In deciding a motion to strike, the court bears in mind the purpose of pleading an affirmative defense: to provide the plaintiff with fair notice. Falley v. Friends Univ., 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011). The decision to strike an affirmative defense rests within the sound discretion of the district court. Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D. Kan. 2009). Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial. Hayne, 263 F.R.D. at 648-49.

The Tenth Circuit has not yet ruled on whether the Iqbal/Twombly pleading standard applies to affirmative defenses. However, other courts in this circuit, this Court included, have held that the Iqbal/Twombly pleading standard does not apply to affirmative defenses. See Equal Employment Opportunity Commission v. Lockheed Martin, Civil No. 09-952 WJ/RHS (D.N.M. May 20, 2010) (Doc. 47 at 2-4); see also Falley, 787 F.Supp.2d at 1258-59 (acknowledging split in circuits and deciding that pleading standards of Iqbal and Twombly should be limited to complaints and not extended to affirmative defenses). "Unlike a plaintiff filing a complaint, a defendant asserting an affirmative defense does not bring the jurisdiction of

the federal courts to bear on what was previously a private matter." Lane v. Page, 272 F.R.D. 581, 596 (D.N.M. 2011) (declining to apply the heightended pleading standard to affirmative defenses). Further, as the Court in Falley pointed out, "applying Twombly and Iqbal to affirmative defenses would also invite many more motions to strike, which achieves little." Falley, 787 F. Supp. 2d at 1259. Thus Plaintiffs' motion will be decided based on the standard set forth in Fed.R.Civ.P. 8(b)(1)(A), which requires that defenses be articulated "in short and plain terms."[2]

## II.   Affirmative Defenses Seven and Twenty Shall Be Struck

Plaintiff correctly points out that Defendants' Seventh and Twentieth affirmative defenses are really two parts of the same affirmative defense. Defendants Seventh and Twentieth affirmative defenses both address the affirmative defense set forth by the United States Supreme Court in a pair of cases handed down on the same day referred to as the Faragher/Ellerth[3] defense. "An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998). "When no tangible employment action is taken, a defending employer may

---

[2] Plaintiff couches her Motion as a motion for summary judgment, but Plaintiff is simply requesting that the Court strike Defendants' affirmative defenses. Accordingly, the Court will treat it as a motion to strike. Courts regularly consider relief requested when determining how to construe a motion, regardless of the actual title of the pleading. See e.g. Abel v. Mylan, Inc., 09-CV-0650-CVE-PJC, 2009 WL 4729941, *1 (N.D. Okla. Dec. 4, 2009) ("Although plaintiff has styled his motion as a request for a hearing, he directly requests the undersigned to recuse and the Court will treat the motion as one for recusal, rather than as a motion for a hearing."); Fields v. Dep't of Corr., CIV-05-66-R, 2005 WL 1683502 (W.D. Okla. July 19, 2005) (Construing Plaintiff's pleading styled "Motion to Supplement the Record with Defendants" as a motion to amend the Complaint to add parties because it sought to add additional parties to the case; Ice Corp. v. Hamilton Sundstrand Corp., 05-4135-JAR, 2007 WL 1791131 (D. Kan. June 18, 2007) ("While defendants have titled the present motion a Motion for Clarification, defendants do not ask the court to clarify its previous order. Rather, the present motion asks the court to contradict its previous order … As a result, the court will construe the present motion as one for reconsideration.").
[3] Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998); Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence[].  The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Id.

Plaintiff contends that Defendants are barred from raising the Faragher/Ellerth defense because the harasser, Defendant Thomas, is the president and owner of the employing company. "Every Court of Appeals to have considered this issue has held that the Faragher/Ellerth affirmative defense is unavailable when the supervisor in question is the employer's proxy or alter ego." Townsend v. Benjamin Enterprises, Inc., 679 F.3d 41, 52-53 (2nd Cir. 2012) (citing Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 383–84 (5th Cir.2003) (holding that the Faragher/Ellerth defense is unavailable "when the harassing supervisor is ... 'indisputably within that class of an employer organization's officials who may be treated as the organization's proxy'" (quoting Faragher, 524 U.S. at 789) (emphasis omitted)); Johnson v. West, 218 F.3d 725, 730 (7th Cir.2000) ("Vicarious liability automatically applies when the harassing supervisor is [] 'indisputably within that class of an employer organization's officials who may be treated as the organization's proxy.'" (quoting Faragher, 524 U.S. at 789)); Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 517 (9th Cir.2000) ("an individual sufficiently senior in the corporation must be treated as the corporation's proxy for purposes of liability" which "constitutes a bar to the successful invocation of the [Faragher/ Ellerth] defense.").

Further, the EEOC's interpretation of Title VII, as set forth in its Enforcement Guidance, is in accord with this analysis. See EEOC Enforcement Guidance: Vicarious Employer Liability for Unlawful Harassment by Supervisors, 1999 WL 33305874, at *18 (June 18, 1999) ("[When

4

the alleged harasser qualifies as the employer's proxy], the official's unlawful harassment is imputed automatically to the employer. Thus, the employer cannot raise the [Faragher/Ellerth] affirmative defense, even if the harassment did not result in a tangible employment action." (footnote omitted)). The EEOC's Enforcement Guidance is entitled to deference to the extent it has the power to persuade. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 n. 6 (2002) (EEOC's interpretation contained in Compliance Manual subject to deference).

The Tenth Circuit has not yet ruled on this issue. The Tenth Circuit was confronted with this question in Helm v. Kansas, 656 F.3d 1277 (10th Cir. 2011). However, the Court did not decide the issue because it determined that the harasser was not the alter-ego of the employer. See Helm, 656 F.3d at 1286 ("We have not squarely addressed whether an employer may rely on the Faragher/ Ellerth defense when a victimized employee seeks to impose liability on the employer under the alter-ego theory[]. We need not decide that issue to resolve this case, however, as we conclude that [Plaintiff's] argument fails for the reason that [the alleged harasser] did not operate as the alter ego of the [employer]."). In reaching its determination that the harasser was not the alter-ego of the employer, the Tenth Circuit considered several factors, such as whether the employee "(1) had the authority to hire and fire employees in the [] department; (2) was the ultimate supervisor of all employees in the department; (3) had the ultimate authority to disapprove all [business activity]; (4) [had any supervisors above him]; (5) held a senior level title that was regarded as very important; and (6) exercis[ed] policy-making [authority]." Id. (citation omitted). "Only individuals with exceptional authority and control within an organization can meet [the alter-ego] standard." Id.

Although the Tenth Circuit has not specifically barred the Faragher/ Ellerth defense where the harasser is an alter-ego of an employer, the Court is persuaded by the reasoning of the

5

other circuits. Where the harasser is "indisputably within that class of an employer organization's officials who may be treated as the organization's proxy[,]" the affirmative defense is unavailable. See Faragher, 524 U.S. at 789. It is clear based upon the factors set forth by the Tenth Circuit in Helm that Defendant Thomas is an a position of sufficient power to be considered the company's proxy; it does not get any higher than the company's president and owner. Accordingly, Defendants are not entitled to the Faragher/Ellerth defense with regard to the allegations against Defendant Thomas. Therefore, Defendants' Seventh and Twentieth affirmative defenses are struck.

### III.     There is a Dispute of Fact Precluding the Court From Striking Defendants' Eighth Affirmative Defense

Plaintiff seeks to dismiss Defendants' Eighth affirmative defense which asserts the good faith defense set forth in the Supreme Court case, Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999). In order to "avail itself of Kolstad's good-faith-compliance standard an employer must at least adopt antidiscrimination policies and make a good faith effort to educate its employees about these policies and the statutory prohibitions." Cadena v. Pacesetter Corp., 224 F.3d 1203, 1210 (10th Cir. 2000). Plaintiff argues that the undisputed facts show the Kolstad defense is unavailable to Defendants. However, Defendants submitted evidence that they do have antidiscrimination polices, including Plaintiff's own signed receipt of the policies. Further, Defendants have pointed to evidence in the record that training was provided on those polices, including the testimony of Defendant Thomas and other Hi Country Auto employees Ricci Lambert and Vicki Granito. Therefore, there is a dispute of fact regarding whether training was provided regarding Defendants' antidiscrimination policies. Accordingly, Defendants' Eighth Affirmative defense cannot be struck. See Friends of Santa Fe County, 892 F.Supp. at 1343 (citations omitted) (To strike an affirmative defense, a court "must be convinced that there are no

6

questions of fact.").

## IV. Defendants' Other Affirmative Defenses

The Court agrees that Defendants' Third affirmative defense no longer applies to this case because Defendants admitted that Plaintiff had exhausted her administrative remedies in their Answer to Plaintiff's First Amendment Complaint. Accordingly, Defendants' Third Affirmative defense shall be struck.

Defendants' First, Eleventh, Nineteenth, Twenty-First, and Twenty-Third affirmative defenses may well be "negative defenses" as Plaintiff alleges, however the Court will exercise its discretion not to strike these defenses. See Home Design Servs., Inc. v. Schroeder Const., No. 09-CV-01437-WJM-GJR, 2012 WL 527202 (D. Colo. Feb. 16, 2012) (declining to strike Defendant's affirmative defenses even though they were more properly characterized as denials and noting "in the Court's experience, parties will often label an argument as an affirmative defense to err on the side of caution so as to be sure it preserves issues[]. The Court sees no reason to grant summary judgment on an issue when the opposing party is not prejudiced by any mislabeling of said issue as an affirmative defense."). Plaintiff challenges Defendants' Second, Fourth, Sixth, Ninth, Tenth[4], and Seventeenth affirmative defenses on the basis that Defendants have failed to provide factual support for these affirmative defenses. The Court treats these general challenges differently than Plaintiff's challenge to Defendants' Eighth affirmative defense, because it appeared that Plaintiff was arguing the undisputed facts showed the Kolstad good faith defense did not apply rather than what Plaintiff seems to arguing here, which is that Defendants failed to present facts regarding these affirmative defenses. Plaintiff's argument is

---

[4] Plaintiff also asserts that Defendants are not entitled to the affirmative defenses of estoppel or unclean hands as matter of law. However, Plaintiff provides no binding precedent in support of her conclusory allegation that Defendants are barred from raising these defenses.

7

based upon the incorrect premise that the heightened pleading standard set forth in Iqbal and Twombly applies to affirmative defenses.  As the Court noted above, Defendants are not required to set forth detailed factual allegations in support of their affirmative defenses.  Accordingly, these affirmative defenses shall not be struck.

"[M]otions to strike, in most cases, waste everyone's time."  Lane, 272 F.R.D. at 596.  There is a reason why they are generally disfavored.  See Friends of Santa Fe County, 892 F.Supp. at 1343 (citations omitted).  While the Court did address Defendants' use of the Faragher/Ellerth and Kolstad affirmative defenses, the Court points out that these were already before the Court on Defendants' Motion for Summary Judgment.  See **(Doc. No. 137)**.  The Court cautions the parties against filing future motions to strike that only address arguments already raised in other pleadings.

**THEREFORE, IT IS ORDERED**, that Plaintiff's Sealed Motion for Partial Summary Judgment and to Strike the Defendants' Affirmative Defenses **(Doc. No. 150)** is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED,** that Defendants' Third, Seventh, and Twentieth affirmative defenses are struck.

_____
UNITED STATES DISTRICT JUDGE