IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

    Plaintiff,

V.                                                Case No. 12CV00828 WJ/KBM

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHVROLET, a New Mexico
Corporation, and JEFF THOMAS, a natural person

    Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTION TO ORDER GRANTING DEFENDANTS' MOTION TO STRIKE CERTAIN WITNESSES

**THIS MATTER** comes before the Court upon Plaintiff's Objection to Order Granting Defendants' Motion to Strike Certain Witnesses, filed November 14, 2013 (**Doc. No. 207**). Having considered Plaintiff's objection and the applicable law, the Court finds that Plaintiff's objection is partially well-taken and, therefore, is OVERRULED in part and SUSTAINED in part.

### Background

Plaintiff's objection arises out an Order entered by Chief Magistrate Judge Karen Molzen's granting Defendants' Motion to Strike Certain Witnesses, entered October 31, 2013 (**Doc. No. 186**). One of the witnesses at issue in the Motion was Levi Bridge. Mr. Bridge is the former Human Resources ("HR") Director for Defendant Hi Country Auto Group ("Hi Country"). Mr. Bridge filed an EEOC charge against Hi Country alleging that Hi Country had retaliated against him for attempting to provide discrimination and harassment training at the

dealership.  Plaintiff disclosed Mr. Bridge as a possible witness in her Third Supplemental Initial Disclosures on August 5, 2013, but did not provide any contact information for Mr. Bridge.  This disclosure came just a few weeks before the discovery deadline of August 23, 2013.  When asked to provide contact information for Mr. Bridge, Plaintiff's counsel responded that he was "working on it" and that Defendants likely had contact information for him.  Ultimately, Mr. Bridge was not deposed because Defendants were unable to obtain any valid contact information for him.

Defendants moved Judge Molzen to strike Jennifer Mayberry and Levi Bridge from Plaintiff's witness list based upon Plaintiff's failure to provide valid contact information for these witnesses.  Plaintiff responded that both witnesses' testimony was highly probative to her case and that Defendants had contact information for both witnesses.  Plaintiff went on to accuse Defendants of actively concealing Mr. Bridge's relevance to the case, and at the very least failing to disclose him when they should have known that his EEOC Complaint was similar to Plaintiff's claims.  Plaintiff also insisted that she only learned of Mr. Bridge's potential relevance to the case on August 1, 2013 during Jeff Thomas' deposition.  While it does not appear to be disputed that this was the first instance that Plaintiff learned of Mr. Bridge's EEOC Complaint against Defendants, this was not the first time that Mr. Bridge's potential relevance to the case was discussed.  Vicki Granito testified in her June 2013 deposition that Mr. Bridge was responsible for human resources and that he organized a training seminar on sexual harassment.  Plaintiff's disclosure of Mr. Bridge's anticipated testimony includes this subject matter.

Based upon the foregoing facts and in light of parties' arguments, Judge Molzen found that Mr. Bridge should be struck from Plaintiff's witness list because Plaintiff knew of Mr. Bridge's relevance to the case in June of 2013 and did not disclose him until 18 days before the

discovery deadline and failed to provide contact information, thereby leaving Defendants only four days to find Mr. Bridge and schedule a deposition. Judge Molzen relied on Fed. R. Civ. P. 37(c)(1) which provides " If a party fails to provide information or identify a witness as required by Rule 26(a) or (2), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Judge Molzen noted that Plaintiff failed to provide a substantial justification for why she did not provide the appropriate contact information for both witnesses and why Plaintiff waited roughly two months to disclose Mr. Bridge as a witness. Accordingly, Judge Molzen held that neither witness could present testimony at trial.[1] Plaintiff asks this Court to set aside or modify Magistrate Judge Molzen's Order pursuant to Fed. R. Civ. P. 72.[2]

**Discussion**

**I.     Legal Standard**

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court shall consider objections made by the parties to a magistrate judge's ruling on a non-dispositive matter and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). To overturn the magistrate judge's decision as clearly erroneous under Rule 72(a), the district court must have "a definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir.1988) (internal quotation omitted).

---

[1] While Judge Molzen struck both Jennifer Mayberry and Levi Bridge from Plaintiff's witness list, Plaintiff is only objecting to Judge Molzen's ruling in regard to Mr. Bridge.
[2] As of the date of the filing of this Order, Defendants have not responded to Plaintiff's objections. They are not required to respond and are not faulted for not doing so. See D.N.M. CIV L.R. 72.1 (noting that local rules 7.3, 7.4, and 7.5 apply to objections to a magistrate judge's order, but not including 7.1); see also Local Rule 7.1(b) (noting that failing to respond to a motion constitutes consent to grant the motion). Further, Defendants are not prejudiced by the fact that the Court did not wait from them to respond prior to issuing this Order because the Court is overruling Plaintiff's objections.

Fed. R. Civ. P. 26(a)(1)(A)(i) provides for the disclosure of certain individuals who are likely to have discoverable information about the case. It requires that a party provide to the other parties: "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Id.  To that end, initial disclosures made pursuant to Fed. R. Civ. P. 26 should be "complete and detailed," and should "give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation. Sender v. Mann, 225 F.R.D. 645, 650 (D. Colo. 2004) (citation omitted).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  A court has broad discretion to determine whether a Rule 26 violation is "substantially justified" or harmless. Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir.1999).

## II.  U.S. Magistrate Judge Karen Molzen's Order Correctly States the Law Regarding Rule 37(c) Sanctions

Plaintiff's objection to Judge Molzen's Order again reiterates that she believes Defendants had contact information for Mr. Bridges.  Regardless of whether this is true, Judge Molzen was correct in holding that Plaintiff's belief that Defendants had contact information for Mr. Bridge did not excuse her failure to provide *any* contact information for Mr. Bridge with her supplemental disclosure. See Lipari v. U.S. Bancorp, N.A., CIVA 07-2146-CM-DJW, 2008 WL 2874373 (D. Kan. July 22, 2008) (holding that a party is not excused from their burden of providing contact information for a disclosed witness simply because they believe the other party already has contact information for a particular witness.)

Plaintiff also claims that Judge Molzen erred by considering Defendants' argument that Ms. Granito's deposition put Plaintiff on notice that Mr. Bridge may have relevant information, because Defendants first raised Ms. Granito's deposition in their reply rather than in their motion.  Plaintiff's argument is unavailing, because Plaintiff's Response asserted that Plaintiff only discovered Mr. Bridge's potential role in this case on August 1, 2013.  Accordingly, Defendants' argument about Ms. Granito's deposition was directly responsive to Plaintiff's Response, instead of an entirely new argument raised for the first time in Defendants' Reply.  Therefore, it was not error for Judge Molzen to consider Defendants' argument regarding Ms. Granito's testimony.

In the alternative, Plaintiff argues that Judge Molzen erred in holding that the June deposition testimony gave her notice that Mr. Bridge had information relevant to this case.[3] Plaintiff asserts that she mentioned "in passing" that Mr. Bridge may have been a witness to a conversation regarding Defendant Jeff Thomas's sexual relationship with a female employee.  As discussed above, Ms. Granito stated that Mr. Bridge was the HR manager and had arranged a training regarding sexual harassment.  Plaintiff argues that because this specific testimony does not reference Mr. Bridge's EEOC complaint, it is not sufficient to put Plaintiff on notice that Mr. Bridge was a potential witness.   However, Plaintiff's disclosure of the subject matter of Mr. Bridge's anticipated testimony is not limited solely to Mr. Bridge's EEOC Complaint, it also includes "Defendants' training practices with regard to discrimination", "sexual comments in the workplace", and "Defendants' attitude toward discrimination, harassment, retaliation and training.'  See (**Doc. No. 136-1**), Plaintiff's Third Supplemental Initial Disclosures, attached as

---

[3]  Plaintiff argues that Judge Molzen held that Plaintiff's testimony, not Ms. Granito's testimony, demonstrated Plaintiff should have known Mr. Bridge was a potential witness.  This misstates the Order; while Judge Molzen chose to point out Plaintiff's testimony and did not mention Ms. Granito, this is not tantamount to a finding that Ms. Granito's testimony did not put Plaintiff on notice.

Exhibit J to Defendants' Motion. In fact, Plaintiff's disclosure does not even reference Mr. Bridge's EEOC Complaint. While the EEOC Complaint may have been the primary impetus for Plaintiff's disclosure of Mr. Bridge as a witness, the June 2013 deposition testimony put Plaintiff on notice of Mr. Bridge's knowledge of the subject matter which Plaintiff has disclosed she wishes him to testify regarding. Accordingly, Judge Molzen did not clearly err in holding that Plaintiff has failed to demonstrate a substantial justification for the two month delay in disclosing Mr. Bridge as a witness, especially considering the impeding discovery deadline.

Finally, Plaintiff argues that Judge Molzen applied the wrong standard in deciding the Motion to Strike because Judge Molzen required Plaintiff to obtain contact information for Mr. Bridge whereas Rule 26(a) only requires Plaintiff to provide *known* information. See Fed. R. Civ. P. 26(a). However, Rule 26(g) requires that a party make a reasonable inquiry to ensure their disclosures are complete. See Sender, 225 F.R.D. at 651 (D. Colo. 2004). Here, Plaintiff has not demonstrated that she attempted to locate any contact information for Mr. Bridge prior to making her disclosure; she simply stated she did not have any. That does not excuse Plaintiff from her disclosure duty. See id. Further, Judge Molzen's ruling is not unprecedented. See Tapia v. Torrance County, 10CV1087, *3 (D.N.M. March 1, 2004) (noting "[t]he information is inadequate to contact this witness and the Court declines to place on Defendant the burden of obtaining further contact information for this witness, particularly where it is information that Plaintiff apparently has not been able to obtain" and therefore, striking the witness from the list). Finally, Judge Molzen's decision to strike Mr. Bride's testimony can be upheld simply on the basis that it was untimely, regardless of who had the burden to locate him. Therefore, the Court does not find that Judge Molzen's decision to place the burden on Plaintiff to provide contact information for its untimely disclosed witness to be clearly erroneous. Accordingly, the Court

6

overrules Plaintiff's objection to Judge Molzen's Order holding that Plaintiff's failure to timely disclose Mr. Bridge as a witness was not substantially justified.

### III. Judge Molzen did not Conduct an Analysis of Whether or not Plaintiff's Failure to Timely Disclose Mr. Bridge was Harmless

Fed. R. Civ. P. 37 (c) provides that a party may be prevented from presenting testimony of a witness that they failed to timely disclose unless the failure was substantially justified **OR** was harmless. While Judge Molzen's ruling that Plaintiff's failure to timely disclose Mr. Bridge was not substantially justified was correct, the Order did not address the issue of whether the failure prejudiced Defendants. A failure to conduct the second part of the two step analysis under Fed. R. Civ. P. 37(c) is clear error.

Defendants have been prejudiced by the late disclosure of Mr. Bridge as a witness inasmuch that they did not really stand a chance of locating Mr. Bridge and scheduling a deposition between the time he was disclosed and the discovery deadline, and therefore, Defendants were unable to depose Mr. Bridge. However, this prejudice can largely be cured by reopening discovery for the limited purpose of allowing Defendants to depose Mr. Bridge. See Solis-Marrufo v. Bd. of Comm'rs for Cnty. of Bernalillo, CIV 11-0107 JB/KBM, 2013 WL 1658304 (D.N.M. Apr. 4, 2013) (noting that prejudice arising from Defendants' disclosure of a new witness shortly before trial was largely cured by allowing Plaintiff to depose the newly discovered witness). This matter is not currently set for trial, but based upon discussions with counsel, the Court understands that parties will not be ready for trial until early 2014. Therefore, Defendants are not severely prejudiced by conducting one additional deposition. Nonetheless, because Plaintiff's failure to timely disclose Mr. Bridge was not substantially justified nor was it harmless, some sanctions are appropriate. The severe sanction of striking Mr. Bridge is not,

7

however, commensurate with the level of prejudice suffered by Defendants. Accordingly, Mr. Bridge shall be allowed to testify on the condition that Plaintiff locate Mr. Bridge and work with Defendants to schedule his deposition so that his deposition is completed within thirty (30) days of the entry of this Order. Additionally, Plaintiff shall pay all reasonable fees and costs incurred by Defendants in attending the deposition.[4]

## IV.     The Court's Concerns Regarding Behavior of Parties and Counsel Towards One Another

The Court must address some concerns with the parties and counsel. This has been a highly contentious matter with a number of motions for sanctions, motions to compel, and motions to strike. While these pleadings are specifically provided for by the Federal Rules of Civil Procedure, there has been a huge amount of "mudslinging" in this matter. The pleadings in some instances have gone beyond effective advocacy and have become downright vitriolic. While Defendants have flung their fair share of allegations against Plaintiff, at issue in the present motion is Plaintiff's allegation that Defendants intentionally concealed Mr. Bridge's EEOC Complaint against Hi Country. Defendants are not burdened with proving Plaintiff's case for her, and Plaintiff did not point to a particular discovery request that would have required Mr. Bridge to be disclosed.[5] It appears Plaintiff made this statement as a throwaway argument, simply trying to make her case, without having any evidence in support of her claim that Defendants actively concealed Mr. Bridge's EEOC claim.

By local rule, the United States District Court adopted the New Mexico Supreme Court's "Creed of Professionalism of the New Mexico Bench and Bar." D.N.M. LR-Civ 83.9. The

---

[4] This sanction requirement includes only time spent actually at the deposition, not time spent preparing for the deposition. Costs include court reporter and witness fees associated with the deposition.
[5] Plaintiff attached a discovery request asking for any witnesses with information regarding Plaintiff's employment to their Response. Plaintiff's stated reason for wanting to introduce Mr. Bridge's testimony is his own claim against Defendants, not his knowledge specifically regarding Plaintiff. Therefore, this discovery request does not prove that Defendants intentionally concealed Mr. Bridge's as a witness.

Creed states in part, "I will also conduct myself in accordance with the following Creed of Professionalism when dealing with my client, opposing parties, their counsel, the courts and any other person involved in the legal system, including the general public." Creed, "Lawyer's Preamble. With respect to opposing parties and their counsel, the Creed further states: "I will be courteous and civil, both in oral and written communications; I will not make improper statements of facts or of law; [and] I will not use litigation, delay tactics or other courses of conduct to harass the opposing party or their counsel." Creed, Section C.

Attorneys are charged with being zealous advocates for their clients. However, zealous advocacy is to be done within the bounds of acceptable professional behavior. Making unsubstantiated claims that an attorney or a party has deliberately concealed evidence is an extremely serious matter. The Court advises counsel to consider that when they make such allegations they are impugning the integrity of their fellow members of the Bar. The Court encourages counsel not to undertake such allegations lightly. It seems as though counsel for both sides in this matter are willing to make bold accusations against each other without a second thought as to the potential repercussions. When working in the legal profession, reputation is paramount. See Creed, Section A ("My word is my bond'). The Court asks counsel to keep that in mind before accusing each other of unprofessional or unethical conduct. Further, the Court cautions counsel against allowing the emotions of their clients to persuade them into acting unprofessional and discourteously to one another. Attorneys are to act as a counselor to their clients and are charged with ensuring that the client's wishes are carried out within acceptable bounds of the law and rules of professional conduct without getting caught up in the "heat of litigation." Attorneys are not to blindly accuse other attorneys of unprofessional conduct simply because there is tension between their client and the opposing party. The Court expects to see a

rise in the level of professionalism and courtesy in the pleadings for the remainder of this matter, and if there is another pleading accusing counsel of unethical conduct, there should be a substantial basis for it.

IT IS THEREFORE ORDERED, that Plaintiff's Objection to Order Granting Defendants' Motion to Strike Certain Witnesses **(Doc. No. 207)** is **OVERRULED in part and SUSTAINED in part.**

IT IS FURTHER ORDERED, that Plaintiff shall locate Mr. Bridge, his deposition shall be taken within thirty (30) days of the entry of this order, and Plaintiff shall pay all of Defendants' reasonable costs and fees incurred in attending the deposition as detailed in this order.

_____
UNITED STATES DISTRICT JUDGE