## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

AMANDA WELLS,

      **Plaintiff,**

V.                                                                                    **Case No. 12CV00828 WJ/KBM**

HI COUNTRY AUTO GROUP d/b/a HI
COUNTRY CHVROLET, a New Mexico
Corporation, and JEFF THOMAS, a natural person

      **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXHIBITS AND FACTS

**THIS MATTER** comes before the Court upon Defendants' Motion to Strike Plaintiff's Exhibits and Facts, filed October 31, 2013 (**Doc. No. 189**).  Having considered the parties' arguments and the applicable law, the Court finds that Defendants' motion is well-taken and, therefore, is GRANTED.

### Background

This is a sexual harassment lawsuit based upon an allegedly hostile work environment and retaliatory termination.  On September 5, 2013, Defendants filed their Motion for Summary Judgment.  (**Doc. No. 137**).   In their Motion for Summary Judgment, Defendants set forth fifty-four Undisputed Material Facts ("DMF's").  For each DMF, Defendants cite to a specific portion of the record supporting that fact.  In her Response, Plaintiff stated that nearly all of the DMF's were disputed, and she introduced additional facts regarding her claims.  Defendants argue that Plaintiff's response to the DMF's and her introduction of her own facts failed to comport with the requirements of Fed. R. Civ. P. 56 and D.N.M. LR-Civ 56.1(b).  Further, Defendants request

that this Court strike Exhibits 1-5 to Plaintiff's Response, because Defendants argue that these exhibits are improper.

Discussion

## I.   Legal Standard

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense." The Tenth Circuit reviews a district court's decision on a motion to strike summary judgment declarations for abuse of discretion. See S.E.C. v. Smart, 678 F.3d 850, 856 (10th Cir. 2012).

Fed. R. Civ. P. 56(c) outlines the proper procedure for attacking facts provided by a movant and supporting additional facts provided in a response to a motion for summary judgment. Fed. R. Civ. P. 56(c)(1) provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)

Fed. R. Civ. P. 56(e) provides that when a party fails to properly address another party's facts or fails to properly support their own facts, the Court has several options, including: 1) giving the party an opportunity to cure the defect; 2) considering the fact(s) undisputed; 3) granting summary judgment if the motion and supporting materials demonstrate the movant is entitled to it; and 4) issuing any other appropriate order. The Local Rules of this Court provide further detail on the proper procedure for attacking and supporting facts in a motion for summary judgment. "A party opposing the motion must file a written memorandum containing a short,

2

concise statement of the reasons in opposition to the motion with authorities."  D.N.M. LR CIV 56.1(b).  "The Response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist."  Id.  "Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed." Id.  "All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted."  Id.  "The Response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion.  Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies."  Id.   The Tenth Circuit has explicitly found that Rule 56.1(b) is consistent with the goals of Fed. R. Civ. P. 56.  See Smith v. E. New Mexico Med. Ctr., 72 F.3d 138, *4 (10th Cir. 1995) (unpublished) ("Consistent with Fed.R.Civ.P. 56, Local Rule 56.1(b) facilitates the district court's review of summary judgment motions by requiring nonmovants to specifically identify and properly support what nonmovants claim are material disputed facts and point out the movants' alleged facts that they dispute; otherwise, the movants' facts will be deemed admitted.").

As an initial matter, Plaintiff's Response to Defendants' Motion to Strike relies heavily on the United States Supreme Court's decision in Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Celotex, Plaintiff contends, requires a party responding to a motion to summary judgment to submit *all* of the evidence they possess to support their case.   The Court believes that Plaintiff's argument is based upon an incorrect reading of Celotex.  However, assuming Plaintiff is correct about Celotex's command for a nonmovant to provide all of their evidence when responding to a motion for summary judgment, there is nothing in Celotex or its progeny that states that a party

3

is not bound by Fed. R. Civ. P. 56(c) or local court rules when presenting all of its evidence. Accordingly, Plaintiff's arguments based upon <u>Celotex</u> are unpersuasive.

## II.    Plaintiff's Response Fails to Create a Genuine Dispute as to any of Defendants' Material Facts

As detailed further below, Plaintiff's response to the DMF's is flawed in a number of ways.   First, Plaintiff generally denied portions of the DMF's without providing a citation to the record for her dispute of specific facts.   This is impermissible under Fed. R. Civ. P. 56(c) and D.N.M. LR CIV 56.1(b).   <u>See</u> <u>Smith,</u> *4 (noting that a plaintiff's failure to provide a "concise statement of their material disputed facts" and to "specifically controvert any of [D]efendants' claimed undisputed material facts" "def[ied] Local Rule 56.1(b).").   Further, Plaintiff disputed a number of DMF's which were direct quotes from Plaintiff's own deposition testimony[1].   The Court is perplexed as to Plaintiff's good faith basis for disputing the direct quotes from her own testimony, because based upon a review of Plaintiff's  deposition, she did in fact make each of the statements outlined in the DMF's.   There is no evidence that the Court was provided with an incorrect copy of Plaintiff's testimony or that there was any other problem with accepting Plaintiff's testimony.   Therefore, Plaintiff disputing her own testimony does not appear to be "genuine."   <u>See</u> Fed. R. Civ. P. 56.   Finally, Plaintiff's responses to the DMF's were interspersed with additional facts, making it difficult for both Defendants and the Court to determine what was intended to be responsive to the DMF's and what was intended to be additional facts. Plaintiff again failed to follow the procedure set forth in D.N.M. LR CIV 56.1(b) by not lettering each additional fact.   Plaintiff's own Response to the Motion to Strike states that she was

---

[1]   The Court notes that the DMF's which consist of direct quotes from Plaintiff's testimony in some instances do not conclusively establish whether something did or did not occur.  In some instances, all these DMF's establish is that Plaintiff did in fact testify a certain way.   Plaintiff appeared not to grasp this distinction between what the DMF's do and not do establish because Plaintiff essentially disputed whether or not she testified a certain way without a proper basis to do so.

concerned that Defendants did not include certain facts in the DMF's and thus, provided additional facts in support of her own argument. "That a statement of fact omits related facts does not dispute the fact asserted, and does not specifically controvert the fact or facts asserted." Skyline Potato Co., Inc. v. Hi-Land Potato Co., Inc., 909 F. Supp. 2d 1225, 1233, n. 4 (D.N.M. 2012) (citing D.N.M.LR–Civ. 56.1(b). Thus, the additional facts should have been put forth in a separate portion of Plaintiff's response instead of intermixed with Plaintiff's response to the DMF's.

Plaintiff fell victim to a common misstep for those responding to motions for summary judgment; instead of focusing on the actual factual allegations in the DMF's, Plaintiff focused on the import of those factual allegations. Obviously Plaintiff is entitled to make a legal argument regarding the effect of the DMF's, but those arguments do not create a dispute of fact. Plaintiff failed to consider whether the factual allegation within each DMF was literally true, rather, she was too concerned with making an argument that she refused to admit even the most blatantly undisputed facts. Even if light of these flaws, the Court undertook the time consuming task of determining whether there was a genuine dispute as to any of the DMF's. This process was made all the more arduous by Plaintiff's failure to follow the federal and local rules regarding responses to motions for summary judgment. Below is the Court's analysis of each of the DMF's and Plaintiff's Response.[2]

*DMF's 8-24: Plaintiff's Work Environment*

Plaintiff generally denies DMF's 8-24 regarding her work environment at Hi Country and

---

[2] Plaintiff admits DMF's 1-3 and 5-7, therefore, the Court will not consider argument regarding these facts any further. Additionally, DMF's 51, 52, 53 and 54 are no longer at issue, because they pertain to Plaintiff's civil conspiracy claims and intentional infliction of emotional distress claim which Plaintiff has voluntarily dismissed. See (**Doc. No. 198**), Stipulated Order of Withdrawal of Claims and Defenses, filed November 4, 2013. Plaintiff also argued that several of the DMF's are immaterial. Because the Court is not striking Plaintiff's response in its entirety, the Court will consider these arguments regarding immateriality when it addresses the merits of Defendants' Motion for Summary Judgment.

in support of her dispute directs the Court to her "evidence summaries" attached as Exhibits 1-5. The Court will address the impropriety of these evidence summaries in a separate section of this opinion. Plaintiff's general denial is insufficient, because it does not direct the Court to specific facts upon which Plaintiff bases her dispute. <u>See</u> Fed. R. Civ. P. 56(c). Further, even if the Court were to consider the evidence summaries, they do not directly respond to DMF 8-24. The Court cannot fathom a good faith basis for Plaintiff's dispute of DMF's 8-24 because these DMF's are her own words. Accordingly, the Court will consider DMF's 8-24 undisputed.

*DMF's 25-33: Plaintiff's Transfer*

Plaintiff also generally denies DMF's 25-33, and later addresses some, but not all, of these DMF's specifically[3]. Plaintiff submits additional facts that are relevant to, but do not directly dispute DMF's 25-33. In addition to her general denial, Plaintiff alleges that DMF 25 which states that Kevin Szura made the decision to transfer Plaintiff is false, because Defendant Thomas also participated in the decision. Plaintiff is arguing an issue of semantics, however, because DMF 29 states that Mr. Szura discussed the decision with Defendant Thomas and the two came a mutual agreement between about transferring Plaintiff. While Defendants may have stated that Mr. Szura made the decision to transfer Plaintiff, it is clear that the decision to Plaintiff was a mutual decision between Defendant Thomas and Mr. Szura. Accordingly, to the extent that Plaintiff's dispute of DMF 25 was proper, it is immaterial due to the clarification by DMF 29. Plaintiff also disputes the legitimate business reasons offered for her transfer in DMF 27 and 28. However, Plaintiff's citation to "Exhibit Y" in support of this contention is incorrect, because Exhibit Y does not involve any reference to the reasons for Plaintiff's transfer. Therefore, Plaintiff has failed to point to any evidence in the record disputing DFM 27. Additionally, DMF 28 simply refers to Plaintiff's testimony, and Plaintiff has not proffered any

---

[3] Plaintiff never addresses DFM's 26, 32, or 33 by number. Accordingly these facts are deemed undisputed.

reason why her own testimony should be disputed.  Plaintiff also attempts to dispute DMF 30 by claiming that there is no evidence that the transfers of other employees had anything to do with the reason why Plaintiff was transferred.  This argument is non-responsive to DMF 30 which simply states that other employees were transferred in addition to Plaintiff.  Plaintiff's response to DMF 31 likewise fails to create a genuine dispute, because Plaintiff's citations to Mr. Szura's later deposition testimony do not dispute DMF 31's assertion that at the time he made the decision to transfer Plaintiff, Mr. Szura was unaware that Plaintiff had complained about Defendant Thomas wishing to see her breasts.  The deposition testimony cited to by Plaintiff only demonstrates that Mr. Szura heard rumors about these allegations at some point and thus, fails to controvert the fact Mr. Szura did not know about these allegations at the time of the transfer.  Plaintiff's response fails to convert DMF's 25-33 and therefore, these facts are deemed undisputed.

*DMF's 34-36: End of Plaintiff's Employment with Defendants*

Plaintiff does not address DMF 34 by number.  Plaintiff's response to DMF 35 offers additional facts relevant to DMF 35, but as stated previously, these additional facts do no controvert DMF 35.  Again, the Court cannot see a possible way for DMF 35 to be disputed because it is based on Plaintiff's own testimony.  Plaintiff attempts to controvert DMF 36 by asserting additional facts which do not raise an actual dispute as to whether Defendants sent Plaintiff two checks for commissions she earned while working for Defendants after she left Hi Country Chevrolet.  Plaintiff failed to controvert DMF 34-36, thus these facts are deemed undisputed.

*DMF's 37-42: Plaintiff's Alleged Extortion of Defendants*[4]

---

[4] Plaintiff denies that she tried to extort Defendants.  This allegation is not made directly in the DMF's themselves, but is instead in the caption to DMF's 37-42.  Accordingly, Plaintiff's objection to the caption is irrelevant.

Plaintiff disputes who started the text message conversation between Plaintiff and Ms. Granito.  However, DMF 37 simply states that a conversation began between Plaintiff and Mr. Szura through Ms. Granito. It does not allege who started the conversation, therefore Plaintiff's arguments regarding this issue are additional facts and fail to controvert the simple statement set forth in DMF 37 that a conversation occurred.  DMF's 38, 39[5],and 42 are simply statements of Plaintiff's own testimony.  Plaintiff's response offers no reason why the Court should not accept her own testimony and based upon the Court's review of the cited portions of Plaintiff's deposition, these DMF's are accurate statements of what Plaintiff stated in her deposition. DMF's 40 and 41 are simply summaries of the mental impressions of other witnesses.  While Plaintiff disagrees with the impression of these other witnesses, she offers no evidence that DMF's 40 and 41 misstate what the other witnesses thought.  Accordingly, Plaintiff has failed to raise a genuine dispute as to DMF's 37-42[6].

*DMF's 43-47: Plaintiff's Lost Wages*

Plaintiff again attempts to dispute this set of DMF's by offering additional facts.  The fact that DMF's 43-47 do not tell the whole story regarding Plaintiff's receipt of unemployment benefits does not mean that the factual allegations contained in these DMF's are in genuine dispute.  See Skyline Potato Co., 909 F. Supp. 2d at, 1233, n. 4 (citing D.N.M.LR–Civ. 56.1(b). ("That a statement of fact omits related facts does not dispute the fact asserted, and does not specifically controvert the fact or facts asserted.").  Further, DMF's 43-44, and 46-47 are direct quotes from Plaintiff's deposition testimony.  Plaintiff fails to directly respond to DMF 45, the

---

[5]  The Court understands that Plaintiff objects to the term "threatening" in DMF 39. Even though Defendants may have chosen rather colorful language, the facts of DMF 39 are not disputed; Plaintiff *did* agree not to pursue claims against Defendants in return for five years pay by her own admission.  Plaintiff's motives for this agreement offered in Plaintiff's Response do not make Plaintiff's offer of agreement untrue.
[6]  The Court again questions whether Plaintiff could have possibly had a good faith basis for disputing a number of the facts regarding the potential settlement of her claim against Defendants since Plaintiff's response states the exact same facts the DMF's she is purportedly disputing.

only DMF in this section that is not a direct quote from Plaintiff's testimony.   Accordingly DMF's 43-47 are deemed undisputed because Plaintiff has failed to raise a genuine dispute of fact as to these DMF's.

*DMF's 48-50: Plaintiff's negligent hiring claim*

Each of these DMF's is a direct quote from Plaintiff's testimony which relates to Plaintiff's lack of personal knowledge of certain events and documents.   Plaintiff attempts to point to other evidence in the record that these events took place or that certain documents do in fact exist.   These additional facts offered by Plaintiff do not raise a dispute as to whether Plaintiff herself had knowledge of these events and documents.   Accordingly, DMF 48-50 are deemed undisputed.

Based upon the foregoing analysis, the Court has determined that there is not a genuine dispute of fact as to any of the DMF's.   See Thomas v. Int'l Bus. Machines, 48 F.3d 478, 486 (10th Cir. 1995) ("At summary judgment, the inquiry is not whether the parties dispute certain facts, but instead whether the evidence establishes a genuine issue of material fact. A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.")  (citing Anderson, 477 U.S. at 248).   Accordingly, each of the DMF's set forth in Defendants' Motion for Summary Judgment is deemed undisputed.   See Fed. R. Civ. P. 56(e) (noting that when a party fails to properly attack a fact submitted by the opposing party, the Court may consider the fact undisputed for the purposes of the motion) [7].

### III.    Plaintiff's Additional Facts are Improper

Courts have long acknowledged that while a movant may present facts that are not

---

[7]    The Court has the authority to deem the DMF's undisputed based upon both Plaintiff's failure to follow the requirements of Fed. R. Civ. P. 56 and Plaintiff's violation of the procedure set forth in D.N.M. LR-Civ 56.1(b). See Smith, *4 (upholding district court's conclusion that Plaintiffs failed to identify any disputed material facts precluding summary judgment based in part upon their failure to comport with the requirements of Local Rule 56.1(b)).

disputed, they may not present all of the facts relevant to the resolution of a motion for summary judgment. Therefore, a non-movant is entitled to present additional facts that she believes are relevant to the Court's consideration of the motion for summary judgment. In fact, the local rules of this Court specifically provide for this practice. See D.N.M. LR-Civ 56.1(b) ("The Response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion. Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies.").

Plaintiff argues that her additional facts are responsive to Defendants' Motion, thus they did not need to be lettered. Plaintiff cites no authority in support of her rather novel reading of the local rule. While the additional facts provided by Plaintiff are related to the contents of the DMF's, they do not directly controvert any of the DMF's. See Sec. III supra. Instead, as Plaintiff admits in her Response to the Motion to Strike, these additional comments are meant to supplement what Plaintiff's characterizes as Defendants' incomplete depiction of the factual issues. Accordingly, Plaintiff's "supplement" of Defendants' facts were additional facts that should have been lettered and been properly supported by evidence in the record.

Instead of clearly delineating between disputes of Defendants' fact and Plaintiff's additional facts, Plaintiff's Response clumps them all together[8]. Plaintiff's additional facts are flawed far beyond her failure to follow the D.N.M. LR-Civ 56.1(b) procedure for presenting additional facts. In several instances, Plaintiff's additional facts include reiterations of the very facts that she purports to dispute. Compare DMF 13 with PMF 5 (both stating that Plaintiff

---

[8]  The Court will refer to the paragraphs under the section in Plaintiff's Response entitled "Response to Defendants' Statement of Undisputed Facts" as "PMF". The Court notes that each paragraph includes a mixture of legal argument, a response to Defendants' facts, and Plaintiff's additional facts. In spite of the fact that Plaintiff's Response is exceedingly unclear, the Court believes that addressing each numbered paragraph as PMF will be the least confusing way to indicate to which section of Plaintiff's Response the Court is referring.

claims Defendant Thomas asked for graphic/nude pictures of Plaintiff to which Plaintiff responded, "why, so you can show them off… to all the managers?"); DMF 20 with PMF 6 (both stating that Mr. Olguin showed Plaintiff an e-mail from Defendant Thomas stating that Plaintiff could have time off for her breast augmentation if Plaintiff showed Defendant Thomas the results and that Plaintiff laughed off the remark);

The Court also has a myriad of concerns with Plaintiff's citations to the record in support of her additional facts.   For example, there were multiple PMF's where Plaintiff provided a citation to the record in support of her factual allegation, but the cited portion of the factual record did not support Plaintiff's factual allegation.  See PMF 40 (alleging that Defendants made three false reports to the NM Department of Workforce Solutions, but only providing a citation to one report and providing no supporting documentation as to why the cited report was "false"; PMF 40 also mischaracterizes the text and the timing of the cited report); and   PMF 16 (stating that the drive from Farmington to Aztec was a 45 minute commute and citing to two witnesses' deposition in support; a review of the witnesses' cited testimony reveals that they **did not** state that it would take 45 minutes to drive to Farmington from Aztec).   Additionally, in support of a number of additional facts Plaintiff invited the Court to comb through 8 single spaced pages of string citations to deposition testimony attached as "summaries" instead of providing a citation "to particular parts of materials in the record[.]"  See Fed. R. Civ. P. 56(c)(1)(A); see also PMF 3 (alleging Defendants had a token anti-discrimination policy and instead of providing a specific citation stating generally at Exhibits 1-3 support her argument); PMF 4 (alleging that Exhibits 1-3 demonstrate *inter alia* that Plaintiff "endured a work environment replete with a constant flow of graphic sexual conversations"); PMF 10 (citing generally to Exhibit 2 (a full single-spaced page of deposition citations) in support of Plaintiff's contention that the constant rumor mill

regarding Defendant's Thomas' sexual encounters with female employees interfered with Plaintiff's and the other female employees' work duties); PMF 47 (declaring that there are issues of fact regarding Plaintiff's employer and citing to "evidence summarized in Exhibit 4."). Plaintiff also refers to other multi-page exhibits as a whole without providing a citation to a specific portion of the exhibit.  See PMF 13 (consisting of an entire paragraph of new factual allegations and referring to Exhibit J, a three page single spaced excerpt of deposition testimony, without a page or line reference at the end of the paragraph); PMF 34 (alleging additional facts regarding Defendants' report to the Sheriff's Office alleging Plaintiff attempted to extort Defendants and referring to Exhibits K-O to Doc. No. 142)[9].  Plaintiff's cryptic and in some instances, simply incorrect, citations to the factual record do not direct the Court to proper support for her additional facts, and the Court is not charged with attempting to decipher whether there could possibly be some support in dozens of pages cited generally by Plaintiff.  See Hauff v. Petterson, 755 F. Supp. 2d 1138, 1150 (D.N.M. 2010) ("The court reminds counsel that it is not its job to do counsel's work of organizing or formulating a party's arguments. Nor is it the court's function to 'scour the record in search of evidence to defeat a motion for summary judgment.'") (citation omitted).

In some instances, Plaintiff failed to provide any citation at all in support of her additional facts.  See PMF 43 (asserting "the records contains evidence that the defendants failed to adequately train employees on harassment and discrimination and actually fired the previous HR manager for conducting such training because it taught employees 'how to sue the company'" but failing to provide a citation to which records contain this information); PMF 15 (alleging that Plaintiff was not familiar with the GMC/ Buick line of vehicle without citing to

---

[9]   The Court notes it is not taking exception to Plaintiff referring to exhibits attached to another pleading, but Plaintiff's general citation to numerous pages of exhibits.

any evidence in support of this contention); PMF 31 (failing to provide any citation in support of her contention that Plaintiff continued to look "for employment wherever she could find it following her termination").  Plaintiff's factual averments must be supported by evidence beyond her own claims in the pleadings.  See Celotex, 477 U.S. at 324 ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate "specific facts showing that there is a genuine issue for trial); see also White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995) ("In the face of a properly supported motion for summary judgment, the nonmoving party may not rely upon unsupported allegations without any significant probative evidence tending to support the complaint.") (citation omitted).

The Court acknowledges that there may well be one or two additional facts presented by Plaintiff that are properly supported by evidence in the record and are relevant to Plaintiff's claims buried in Plaintiff's haphazard response to the DMF's.  However, Plaintiff's failure to follow the local rules has made this entire matter far more complicated than it need have been, and the Court finds it is unreasonable to force Defendants and the Court itself to undertake the tedious task of parsing through Plaintiff's confusing and disorganized response to Defendants' facts.  "D.N.M.LR–Civ. 56.1(b) is designed to isolate the relevant facts and to present them in an orderly fashion to the Court, and when parties do not follow the procedures listed in this local rule, the Court may have difficulty properly determining what the relevant facts are."  Coffey v. United States, 870 F. Supp. 2d 1202, 1209 (D.N.M. 2012) (citation omitted).  "Furthermore, it is not the Court's responsibility to scour the parties' evidence and filings to determine what facts are in dispute and what facts will defeat a motion for summary judgment."  Id.  D.N.M. LR-Civ 56.1(b) is more than "a simple labeling requirement"; it is "an important tool to identify and

address the facts at issue on summary judgment[. A] district court should not have to guess which of the movant's material facts are actually disputed by the non-movant" and which statements are additional facts.  See Nahno-Lopez v. Houser, 625 F.3d 1279, 1284 (10th Cir. 2010) (addressing a similar local rule requiring that responses to summary judgment include clear identification of disputed facts and additional facts).   Accordingly, Plaintiff's additional facts submitted in her Response to Defendants' Motion for Summary Judgment are struck.  The Court will not consider the additional facts when deciding the merits of Defendants' Motion for Summary Judgment.

## IV.    Exhibits 1-5 to Plaintiff's Response Shall be Struck

Exhibits 1-5 to Plaintiff's Response are "factual summaries" which contain nothing more than string citations to testimony regarding Plaintiff's claims in several single spaced pages.  At the top of each summary is a caption which is apparently intended to provide the Court with an indication as to what claims Plaintiff believes the string citations are relevant.   Plaintiff's submission of these exhibits violates the proper procedure for briefing regarding motions for summary judgment and the Court's own Order on page limits.   A brief background is necessary in order to demonstrate the severity of Plaintiff's disregard for this Court's Order.

The Court allowed Defendants to exceed page limits on their Motion for Summary Judgment.  See (Doc. No. 135), Stipulated Order Extending Page Limits and Time Pertaining to Defendants' Motion for Summary Judgment (allowing Defendants 37 pages instead of the standard 27 pages for their brief and 86 pages instead of the standard 50 pages of exhibits. Plaintiff also asked for an extension when it came time for her Response).  While Defendants had requested a relatively modest increase in the page limits, Plaintiff asked for an exorbitant increase, submitting a Stipulated Order providing that Plaintiff had nearly three times the

standard amount of pages for her brief (increasing the number of pages from 24 to 60) and four times the standard amount of pages for her exhibits (200 pages instead of 50). Even though Defendants agreed to this extension, the Court was alarmed by the sheer magnitude of Plaintiff's request. Accordingly, the Court entered an Order rejecting the Stipulated Order on Plaintiff's page limits; the Order invited Plaintiff to demonstrate why she felt such a stark departure from the local rules regarding page limits was necessary and offered to extend the pages limits in a manner comparable to the extension Defendants received. See **(Doc. No. 175)**, filed October 11, 2013. The Order provided that Plaintiff may have 34 pages for her brief and 86 pages of exhibits. See id. (noting "the Court will certainly allow Plaintiff the same **additional** number of written pages [10 additional pages] and exhibit pages [36 additional pages]" as the Court gave Defendants.") (emphasis added). Plaintiff declined the Court's invitation to explain why she needed additional pages. Additionally, without seeking further leave from the Court to do so, Plaintiff filed a Response brief of 38 pages exceeding the already extended limit in the Court's Order by four pages[10].

In addition to the extra four pages Plaintiff gave herself for her response brief, Plaintiff also attached Exhibits 1-5 which consist of additional factual allegations. Defendants argue that these exhibits should be struck because they are improper. Defendants point the Court to its own ruling in EEOC v. ARG Enterprises Inc., CIV 07-301, Doc. No. 86 (D.N.M. Dec. 12, 2008) in which the Court faced an attempt by the plaintiff to submit a similar "summary" as an exhibit to its Response to Defendant's Motion for Summary Judgment. See id., *1. Defendants moved to strike the exhibit which consisted of statements of facts followed by citations to the record. Id.,

---

[10]   Plaintiff only attached 86 pages of exhibits to her Response, thereby complying with the Court's Order in that regard. As noted previously, the Court's Order was clear that Plaintiff was allowed to use the same amount of additional pages (10 pages) as Defendants. However, to the extent that Plaintiff argues she interpreted the Court's Order to mean that she got the same amount of pages as given to Defendants (37 pages), she still exceeded that limit by filing a Response brief of 38 pages.

*2.  The Court noted that D.N.M. LR-Civ 56.1(b) "is best understood to mean that a party's statement of disputed facts must be included within the body" of the response.  Id.  The Court squarely rejected Plaintiff's argument that the Court could consider the exhibit in spite of the fact that it should have been included in the body of its Response because the exhibit could be considered "other documents" under  D.N.M. LR-Civ 7.3(b).  See id., at * 3 (noting the plain language of 7.3(b) indicates that it only "applies to evidence in support of allegations of fact, not to allegations of fact themselves.").  Finally, the plaintiff in EEOC turned to an argument similar to the one made by Plaintiff here, that the exhibit is some sort of summary or demonstrative aide that used to summarize the voluminous evidence regarding the case.  Id., *3.  Again, this Court rejected that argument which seemed to allude to Fed. R. Evid. 1006 because 1) it is unclear whether Rule 1006 extends beyond use at trial at all; and 2) because Rule 1006 "is clearly intended to allow parties to present unusually voluminous extrinsic evidence in summarized form, not to allow them to present a summary of their theory of the case."  Id.  The Court held that the summary exhibit should be struck.  Id., at *4.

    Seeming to recognize that she is without a valid argument as to why Exhibits 1-5 should not be struck, Plaintiff asks for the same courtesy extended to the plaintiff in EEOC, where the Court allowed the plaintiff the option of reformatting its response to include the information contained in the stricken exhibit.  However, the party in EEOC only filed one exhibit that consisted of an impermissible summary of evidence, whereas Plaintiff here has filed five exhibits purporting to summarize the evidence supporting Plaintiff's claims.  The most significant difference between the party in EEOC and Plaintiff in this instance is that while in EEOC, the plaintiff arguably violated the spirit of the order on page limits, Plaintiff has violated the letter of the Court's Order on page limits.  Plaintiff not only exceeded the allotted page limits by four

pages, but she also included another sixteen pages[11] of factual allegations and citations to the record that should have been included in the brief disguised as "summary" exhibits.   Plaintiff argues that Exhibits 1-5 are not intended as substantive evidence, but that argument is belied that the manner in which Plaintiff relies upon these exhibits in her Response to Defendants' Motion for Summary Judgment; in some instances these exhibits are the only cited support for Plaintiff' additional facts.   Exhibits 1-5 clearly should have been included as part of Plaintiff's Response brief, because in addition to factual allegations, these "summaries" include legal argument.  The Court is surprised by Plaintiff's disregard of the Court's Order on page limits.  Exhibits 1-5 are not properly attached as exhibits to Plaintiff's Response and are a transparent attempt to circumvent the Court's refusal to extend the limits for Plaintiff's response brief to 60 pages. Accordingly, Exhibits 1-5 shall be struck and the Court will not consider them when deciding Defendants' Motion for Summary Judgment.

## Conclusion

Based upon a review of the merits of Plaintiff's arguments regarding Defendants' Material Facts, the finds that there is no genuine to dispute of fact as to any of the facts presented by Defendants in their Motion for Summary Judgment.   Additionally, the Court strikes Plaintiff's additional facts on the basis that the facts were presented in a format contrary to D.N.M. LR-Civ 56.1(b), were unsupported by evidence in the record, and were repetitive of Defendants' Material Facts.  The Court makes clear that it is not granting Defendants' Motion for Summary Judgment solely on the basis that Plaintiff failed to comport with the requirements of D.N.M. LR-Civ 56.1(b).  While the Court has determined that Defendants' Material Facts will guide the Court's consideration of Defendants' Motion for Summary Judgment, it will still

---

[11]   Exhibits 1-5 totaled 8 pages single spaced, which amounts to 16 pages double spaced, the format in which this Court receives all briefing.

conduct an analysis of whether Defendants are entitled to summary judgment based upon these facts.  Further, because Plaintiff's Response is not struck in its entirety, the Court will consider the legal arguments made by Plaintiff in opposition to Defendants' Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's Exhibits and Facts (**Doc. No. 189**) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that all of Defendants' Material Facts set forth in their Motion for Summary Judgment are deemed undisputed and Plaintiff's additional facts and Exhibits 1-5 to Plaintiff's Response to Defendants' Motion for Summary Judgment is hereby stricken from the record.    Therefore, when considering the merits of Defendants' Motion for Summary Judgment, the Court will use Defendants' submitted Material Undisputed Facts subject to Plaintiff's argument regarding the materiality of certain facts.

_____
UNITED STATES DISTRICT JUDGE